No. 3--03--0197

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2004

RONALD L. WILLIAMS, ) Appeal from the Circuit Court

)    of the 10
th
 
Judicial Circuit

Petitioner-Appellee,
 ) Tazewell County, Illinois,

) 

v. ) 

) 

TAZEWELL COUNTY STATE’S ) No. 02 MR 42

ATTORNEY’S OFFICE, ) 

) 

Respondent, )

)

and )

) Honorable 

ILLINOIS STATE POLICE, ) J. Peter Ault,

) Judge Presiding.

Appellant. )

_________________________________________________________________

JUSTICE SLATER delivered the opinion of the court:

_________________________________________________________________

The appellant, the Illinois State Police (ISP), appeals from the denial of its motion to vacate the trial court’s order directing the ISP to issue the appellee, Ronald Williams, a firearm owners identification (FOID) card.  On appeal, the ISP contends that the trial court’s order directing it to issue Williams a FOID card should be vacated for lack of personal and subject matter jurisdiction.  For the following reasons, we affirm.  

I.  FACTS

A.  Procedural History

On February 11, 2002, the ISP sent Williams written notice that his FOID card application was rejected because he had previously been convicted of domestic battery
(footnote: 1).  720 ILCS 5/12--3.2(a) (West 1992).  The letter from the ISP to Williams stated, "[Y]our application will not be processed at this time due to your 'yes' answer(s) to the question 'Have you ever been convicted of domestic battery' . . ."  On May 29, 2002, Williams filed a petition in the trial court seeking a hearing on the rejection of his application.  Williams named the Tazewell County State’s Attorney’s Office as the sole respondent.   

In his petition, Williams alleged that on August 8, 1994, he had been convicted of domestic battery (720 ILCS 5/12--3.2(a) (West 1992)) for which he had successfully completed a term of probation.  Williams alleged that he wanted a FOID card so that he could hunt during the legal hunting season.  He alleged that substantial justice had not been done by denying his FOID card application because: (1) the denial banned him for life from participating in a family pastime enjoyed by many; (2) he had never been convicted of a forcible felony; (3) his lack of criminal history and his reputation were such that he was not likely to act in a manner dangerous to the public safety; and 

(4) granting him relief was not contrary to the public interest.  

On August 7, 2002, the trial court held that substantial justice had not been done by the denial of Williams’ FOID card application and ordered the ISP to issue a FOID card to him. 

On November 11, 2002, the ISP filed a special and limited appearance and a petition to vacate the trial court’s order directing it to issue Williams a FOID card.  735 ILCS 5/2--1401 (West 2002).  In its petition, the ISP stated that it not been served with Williams’ petition or consented to a be a party to the proceedings.  Therefore, the ISP argued that the judgment should be vacated because the trial court lacked jurisdiction over it. 

On January 27, 2003, Williams filed a response to the ISP’s petition to vacate.  In his response, Williams alleged that the trial court had jurisdiction to hear his petition and direct the ISP to issue him a FOID card pursuant to Illinois law.  430 ILCS 65/10 (West 2002).  He alleged that he was not required by law to notify the ISP or make them a party to that proceeding.  Williams claimed that Illinois law only required that the relevant state’s attorney be served a copy of the petition, which he did.  See 430 ILCS 65/10(b) (West 2002).  Finally, Williams alleged that the ISP had no legal standing to intervene. 

On January 30, 2003, the trial court held a hearing on the ISP motion to vacate.  At the hearing, counsel for the ISP argued that it was a legislative oversight that the ISP was not listed as a party to be notified and served when an individual petitioned the trial court for a FOID card.  See 430 ILCS 65/10 (West 2002).  The ISP insisted that the trial court must vacate its order directing the ISP to issue Williams a FOID card because the court did not have jurisdiction over the ISP when it had not been served with Williams’ petition nor consented to be a party to the proceedings. 

On February 4, 2003, the trial court entered an order denying the petition to vacate.  The court noted that while it agreed with the ISP that the statute in question should have required service upon the ISP, it did not.  See 430 ILCS 65/10 (West 2002).  The court found that: (1) Williams had complied with Illinois law by providing service to the state’s attorney; and (2) substantial justice had not been done in denying William’s application.

B.  Relevant Statutes

Prior to 2001, section 10 of the Firearm Owners Identification Card Act (Act) provided, in relevant part:

"§ 10.  (a) Whenever an application for a Firearm Owner’s Identification Card is denied, . . . the aggrieved party may appeal to the Director of the Department of State Police for a hearing upon such denial, . . .   (b) Whenever, upon the receipt of such an appeal for a hearing, the Director is satisfied that substantial justice has not been done, he may order a hearing to be held by the Department upon the denial or revocation."

430 ILCS 65/10 (West 2002)

On August 17, 2001, the legislature amended section 10 of the Act.  That amendment provides, in relevant part:

"§ 10(a) Whenever an application for a Firearm Owner’s Identification Card is denied, . . . the aggrieved party may appeal to the Director of the Department of State Police for a hearing upon such denial, . . . unless the denial . . . was based upon a     . . . domestic battery, . . . in which case the aggrieved party may petition the circuit court in writing in the county of his or her residence for a hearing upon such denial,    . . .                                          (b) At least 30 days before any hearing in the circuit court, the petitioner shall serve the relevant State’s Attorney with a copy of the petition.  The State’s Attorney may object to the petition and present evidence.  At the hearing the court shall determine whether substantial justice has been done.  Should the court determine that substantial justice has not been done, the court shall issue an order directing the Department of State Police to issue a Card."

Pub. Act 92--442, eff. August 17, 2001 (amending 430 ILCS 65/10 (West 2002)).

Section 11 of the Act provides, in relevant part:

"§ 11.  All final administrative decisions of the Department under this Act shall be subject to judicial review under the provisions of the Administrative Review Law, and all amendments and modifications thereof, and the rules adopted pursuant thereto."

430 ILCS 65/11 (West 2002).

II.  ANALYSIS

On appeal, the ISP argues that the trial court erred in denying its motion to vacate because the trial court’s order directing the ISP to issue Williams a FOID card was void for lack of both personal and subject matter jurisdiction.

An order entered into without jurisdiction over the parties or subject matter is void.  
People v. Harvey
, 196 Ill. 2d 444, 753 N.E.2d 293 (2001).  A petition brought pursuant to section 2--1401 of the Code of Civil Procedure may be filed more than 30 days after entry of a judgment to seek relief from a void judgment.  735 ILCS 5/2--1401 (West 2002).  The trial court’s decision to deny relief under section 2--1401 will not be disturbed absent an abuse of discretion.  
People v. Haynes
, 192 Ill. 2d 437, 737 N.E.2d 169 (2000); 735 ILCS 5/2--1401 (West 2002). 

A.  Personal Jurisdiction

First, the ISP argues that the trial court lacked personal jurisdiction to hear Williams’ petition because the ISP had not been made a party by consent or service of summons.  Specifically, it contends that courts obtain personal jurisdiction over a party only by service of summons or by the party’s voluntary general appearance.  
In re D.J.S.
, 308 Ill.  App. 3d 291, 719 N.E.2d 1168 (1999).   

The fundamental canon of construction in interpreting a statute is to ascertain and give effect to the intention of the legislature.  
Nottage v. Jeka
, 172 Ill. 2d 386, 667 N.E.2d 91 (1996).  The most reliable indicator of legislative intent is the language of the statute which is to be given its plain and ordinary meaning.  
Boaden v. Department of Law Enforcement
, 171 Ill. 2d 230, 664 N.E.2d 61 (1996). 

Here, the trial court did not need personal jurisdiction over the ISP.  The ISP was not a necessary party to Williams’ petition seeking a hearing in the trial court on the denial of his application for a FOID card.  Petitions to appeal the ISP’s decision to deny a FOID card based on a previous domestic battery conviction are controlled by section 10 of the Act.  430 ILCS 65/10(a) (West 2002).  

Under section 10, a petitioner must serve the local state’s attorney at least 30 days prior to the hearing and the state’s attorney must have the opportunity to object and present evidence.  430 ILCS 65/10(b) (West 2002).  Nowhere in the statute did the legislature require the petitioner to serve the ISP or make the ISP a party to these proceedings.  See 430 ILCS 65/10 (West 2002).  Courts should not, under the guise of statutory construction, add requirements or impose limitations that are inconsistent with the plain meaning of the statute.  
Nottage
, 172 Ill. 2d at 392, 667 N.E.2d at 93.  Therefore, the trial court did not err in denying the ISP’s motion to vacate for lack of personal jurisdiction over the ISP because such jurisdiction was not required under the Act.  430 ILCS 65/10 (West 2002). 

B.  Subject Matter Jurisdiction

Next, the ISP argues that the trial court lacked subject matter jurisdiction to review the ISP’s denial of Williams’s FOID card application when it did so without following the procedures set forth in the Administrative Review Law (ARL).  See 430 ILCS 65/11; 735 ILCS 5/3--101 
et
 
seq.
 (West 2002).  

The ISP argues that section 10 of the Act can only be interpreted constitutionally when read in conjunction with section 11 of the Act.  430 ILCS 65/10, 11 (West 2002).  Section 11 of the Act grants Illinois courts jurisdiction to review all final administrative decisions of the ISP only within the context of an ARL proceeding.  430 ILCS 65/11 (West 2002).  An ARL proceeding requires, among other things, that the petitioner serve the ISP.  430 ILCS 65/11, 735 ILCS 5/3--105 (West 2002). 

We find that the trial court did not need to review Williams’ petition under the ARL because the ISP’s denial of his FOID card application was not a "final administrative decision."  See 430 ILCS 65/11 (West 2002). 

Prior to 2001, the only method provided in section 10 of the Act for review of a denial of a FOID card application was an appeal to the director of the department of the state police.  430 ILCS 65/10(b) (West 2000).  At that time, the initial denial of an application would have been an administrative decision, but not a final one.  

We must then determine whether the amendment of section 10 in 2001 changed the nature of the initial denial to make it a final administrative decision.  Pub. Act 92--442, 

eff.  August 17, 2001 (amending 430 ILCS 65/10 (West 2002)).  Public Act 92--442 amended the Act to allow an individual that was denied a FOID card by the ISP based upon a previous domestic battery conviction to petition the trial court for a hearing.  Pub. Act 92-442, eff. August 17, 2001 (amending 430 ILCS 65/10 (West 2002)).  

When amending section 10 the legislature could have stated that such decisions are final and subject to review under the ARL.  It did not.  See 430 ILCS 65/10 (West 2002).  Again, courts should not, under the guise of statutory construction, add requirements or impose limitations that are inconsistent with the plain meaning of the statute.  
Nottage v. Jeka
, 172 Ill. 2d 386, 392, 667 N.E.2d 91, 93 (1996).  Accordingly, it does not appear that the amendment of section 10 automatically made the ISP initial denial a "final administrative decision."

In addition, the wording of the letter from the ISP to Williams rejecting his FOID card application indicates that the rejection was not a "final administrative decision."  The letter from the ISP to Williams stated, "[Y]our application will not be processed at this time due to your 'yes' answer(s) to the question 'Have you ever been convicted of domestic 

battery' . . ."  

The letter indicates that the ISP was not denying Williams’ application as much as it was refusing to process it.  The wording of the letter suggests that the ISP had not made any decision at all.  Instead, the letter reads as if the ISP believed that it did not have the power to render a decision in cases where an individual has been convicted of domestic battery.  We fail to see how the ISP’s failure to render a decision can be construed as a "final administrative decision."

For these reasons, we find that the ISP’s rejection of Williams’ FOID card application was not a "final administrative decision."  The trial court did not need to proceed under the ARL when it heard Williams’ petition and the order directing the ISP to issue Williams a FOID card as not void for lack of subject matter jurisdiction.

We will not address the ISP’s final arguments regarding Williams’ violations of various procedural requirements under the ARL since we have found that the ARL did not apply to the trial court proceedings.  See 735 ILCS 5/3--101 
et
 
seq.
 (West 2002). 

The judgment of the circuit court of Tazewell County is affirmed.

Affirmed.

HOLDRIDGE, P.J., and BARRY, J., concurs.

FOOTNOTES
1:  
The record does not reflect the date that Williams filed his application with the ISP requesting a FOID card.