# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

*Schlosser v. State*, 2012 IL App (3d) 110115

---

| | |
|---|---|
| Appellate Court Caption | KIRK W. SCHLOSSER, Plaintiff-Appellant, v. THE STATE OF ILLINOIS, Defendant-Appellee. |
| District & No. | Third District<br>Docket No. 3-11-0115 |
| Filed | January 18, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Plaintiff's application for a firearm owner's identification card was properly denied due to his prior conviction for indecent solicitation of a child, notwithstanding plaintiff's contention that the offense was not a forcible felony, since the conduct giving rise to defendant's conviction involved conversing about sexual matters in an Internet chat room with a person he thought was a 14-year-old girl, arranging to meet her at a bus stop, going to the bus stop but not stopping, then being stopped by the police who informed him that the girl claimed he was her uncle and then indicating that he was her uncle, and that conduct exhibited the "contemplation" and "implied willingness" to commit an act of violence against a child and forcible felonies encompass any "felony which involves the use of threat of physical force or violence." |
| Decision Under Review | Appeal from the Circuit Court of Will County, No. 10-MR-279; the Hon. Bobbi N. Petrungaro, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Robert J. Welz, of Rouskey & Baldacci, of Joliet, for appellant.

James Glasgow, State's Attorney, of Joliet (Philip A. Mock, Assistant State's Attorney, of counsel), for appellee.


Panel

PRESIDING JUSTICE SCHMIDT delivered the judgment of the court, with opinion.

Justice O'Brien concurred in the judgment and opinion.

Justice Wright concurred in part and dissented in part, with opinion.

**OPINION**

¶ 1    On September 19, 2007, the Illinois State Police denied plaintiff's application for a firearm owner's identification (FOID) card due to plaintiff's prior conviction for the offense of indecent solicitation of a child. Plaintiff filed a petition for hearing in the circuit court of Will County following the denial of his application. The trial court denied plaintiff's request for relief based upon the court's finding that plaintiff's prior conviction constituted a forcible felony. Plaintiff appeals, claiming the trial court erred in finding indecent solicitation of a child is a forcible felony. We affirm.

¶ 2                                    FACTS

¶ 3    On March 17, 2010, plaintiff filed a petition for hearing following the denial of his application for a FOID card. In the petition, plaintiff claimed that on September 19, 2007, the Illinois State Police denied his application for a FOID card due to his prior conviction for the Class 2 felony offense of indecent solicitation of a child (720 ILCS 5/11-6 (West 2002)) on December 30, 2002.

¶ 4    The petition alleges that plaintiff owns a farm, is a productive member of society, and wishes to resume hunting with a firearm. Plaintiff further alleged that the 2002 solicitation case is his only criminal conviction, that he previously held a valid FOID card for many years, and that his history and reputation established he would not be likely to act in a dangerous manner if he received a FOID card. He argued that granting his petition would not be contrary to public interest.

¶ 5    At a hearing on November 17, 2010, the trial court asked if there was a record of "what was done at the ISP level." The prosecutor advised the court that there was no record "because this isn't, I don't think, an administrative review."

¶ 6    Plaintiff testified that on December 30, 2002, he pled guilty to the Class 2 felony offense of solicitation of a child in Cook County, Illinois. Plaintiff explained the circumstances that

-2-

resulted in this conviction. He testified that he was on the Internet in a chat room, conversing with a person that he thought was a 14-year-old girl from Hillside, Illinois. Communications involved talk of a sexual nature. Plaintiff stated, "oral sex was discussed, doggy style sex, people on top; that type of stuff was discussed." During this conversation, he made arrangements to meet with the teenage girl at a bus stop. Plaintiff drove to the bus stop, saw a girl but never stopped. He was then pulled over by the police, who informed him that a girl who stole a soda claimed he was her uncle. Plaintiff indicated to the police that he was the girl's uncle and offered to pay for the soda that the girl stole.

¶ 7        After his arrest, he learned that he was communicating with a police officer online, rather than a teenage girl. He admitted that portions of the online conversation involved a discussion of various sexual positions, and because of that conversation, he pled guilty. He denied threatening the person online or forcing the person to meet him. He admitted having ammunition in his vehicle at the bus stop, but denied possessing a weapon in his vehicle. Plaintiff testified he had no other convictions for felony or misdemeanor offenses. Plaintiff stated that his sentence included two years' probation, "sexual rehabilitation, and 10 years registry." He told the court that he was at the end of his eighth year of registration and was in compliance with the registration requirements.

¶ 8        Scott Siebert testified that he had known plaintiff since 1974 and frequently hunted with plaintiff. Siebert said that he was aware of plaintiff's conviction and the circumstances surrounding the conviction. Siebert advised the court that plaintiff would not be a danger to the public if he was granted a FOID card because Siebert did not believe that plaintiff would commit a similar criminal offense.

¶ 9        Wyatt Haws testified that he had known plaintiff all of his life. Haws stated that he was an ordained minister and worked with Light of Fire Ministries. Haws said that since plaintiff's conviction, they spoke at least twice a week. He did not believe that plaintiff would commit another criminal offense, and he did not believe that plaintiff would be a danger to the public if granted a FOID card.

¶ 10       Gary Twardowski testified that he was a retired Illinois State Police trooper and detective. He stated that he became the "overall sex offender registration coordinator for La Salle, Bureau and Putnam Counties." In his opinion, there were "a lot of different types of crimes that would fall under the Sex Offender Registration Act." He said that "[n]ot all people convicted should be denied" a weapon. Twardowski said that he knew plaintiff's parents and had known plaintiff since 1996. He learned of plaintiff's conviction and spoke to plaintiff about the incident. He did not believe that plaintiff would be a danger to the public if granted a FOID card.

¶ 11       Following Twardowski's testimony, plaintiff rested. The State did not offer any evidence.

¶ 12       Plaintiff's attorney argued to the court that plaintiff was improperly denied a FOID card by the Illinois State Police due to a previous felony conviction, which should not be considered a forcible felony. Plaintiff's attorney also argued that plaintiff did not pose a danger to public safety and that granting the relief would not be contrary to public interest.

¶ 13       The prosecutor argued that plaintiff's conviction constituted a forcible felony, as "[w]ith a victim 14 and him [plaintiff] in his 40's, aggravated criminal sexual assault would have

occurred, even if it was consensual activity, because of the age difference." He further argued that plaintiff pled guilty to a specific intent crime, "which shows a specific intent to commit a forcible felony." The prosecutor stated that the term "threat" should be interpreted in this case to mean any type of communication that could cause or ultimately result in force or violence against an individual.

¶ 14    In addition, the prosecutor argued that plaintiff had not established the other factors set forth in the statute, specifically that plaintiff would not be a danger to the public and that granting plaintiff relief was not against public interest. After hearing arguments from counsel, the trial court took the matter under advisement.

¶ 15    On January 18, 2011, the trial court issued a written order finding that the offense of indecent solicitation of a child fell within the definition of " 'any other felony which involves the use or threat of physical force or violence against any individual' as the threat of such physical force involving the child." The court denied plaintiff's petition. This timely appeal followed.

¶ 16                                          ANALYSIS

¶ 17    On appeal, plaintiff argues that indecent solicitation of a child does not constitute a forcible felony. The State argues, in response, that if indecent solicitation of a child is not a forcible felony, plaintiff could not appeal the denial of his FOID card directly to the circuit court. Instead, the State claims plaintiff should have appealed to the Director of the Illinois State Police. Alternatively, assuming we find indecent solicitation of a child is a forcible felony, the State argues the trial court properly denied plaintiff's petition as he is a registered sex offender and felon convicted of a forcible felony.

¶ 18    We begin by addressing the State's argument that the trial court lacked subject matter jurisdiction to hear plaintiff's petition because plaintiff should have appealed the denial of his FOID card to the Director of the Illinois State Police rather than directly to the circuit court. Plaintiff responds that the State waived any objection to the trial court's subject matter jurisdiction in this case by arguing the merits in the circuit court. We review *de novo* whether the circuit court properly exercised jurisdiction. *In re John C.M.*, 382 Ill. App. 3d 553, 558 (2008); *In re Marriage of Chrobak*, 349 Ill. App. 3d 894, 897 (2004).

¶ 19    The parties agree that the relevant statutory provision is set forth at section 10 of the Firearm Owners Identification Card Act (430 ILCS 65/0.01 *et seq.* (West 2010)). The statute provides:

"(a) Whenever an application for a Firearm Owner's Identification Card is denied, *** the aggrieved party may appeal to the Director of the Department of State Police for a hearing upon such denial, revocation or seizure, *unless* the denial, revocation, or seizure was based upon a forcible felony, stalking, aggravated stalking, domestic battery, any violation of the Illinois Controlled Substances Act, the Methamphetamine Control and Community Protection Act, or the Cannabis Control Act that is classified as a Class 2 or greater felony, any felony violation of Article 24 of the Criminal Code of 1961, or any adjudication as a delinquent minor for the commission of an offense that if committed by an adult would be a felony, in which case the aggrieved party may petition the circuit

court in writing in the county of his or her residence for a hearing upon such denial, revocation, or seizure." (Emphasis added.) 430 ILCS 65/10(a) (West 2010).

¶ 20 Contrary to the State's position, the plain language of the statute states that an applicant "may appeal to the Director of the Department of State Police for a hearing upon such denial, revocation or seizure, *unless* the denial, revocation, or seizure was based upon a forcible felony." When the denial by the State Police is based on a determination that the applicant has a conviction for a forcible felony, then the applicant must seek relief in the trial court.

¶ 21 Based upon the facts presented in this record, we conclude that the denial of the FOID card application in this case was based on a determination that plaintiff had a prior forcible felony conviction. Therefore, the trial court had jurisdiction to hear plaintiff's application, and plaintiff's appeal is properly before this court.

¶ 22 We turn now to the issue of whether the trial court properly found that plaintiff's conviction for indecent solicitation of a child constituted a forcible felony. We review this question of law *de novo*. *People v. Belk*, 203 Ill. 2d 187, 192 (2003) (citing *People v. Richardson*, 196 Ill. 2d 225, 228 (2001)).

¶ 23 Section 2-8 of the Criminal Code of 1961 defines "forcible felony" as follows:

"[T]reason, first degree murder, second degree murder, predatory criminal sexual assault of a child, aggravated criminal sexual assault, criminal sexual assault, robbery, burglary, residential burglary, aggravated arson, arson, aggravated kidnaping, kidnaping, aggravated battery resulting in great bodily harm or permanent disability or disfigurement and any other felony which involves the use or threat of physical force or violence against any individual." 720 ILCS 5/2-8 (West 2010).

¶ 24 Indecent solicitation of a child is not one of the enumerated offenses. As such, we must determine whether this offense involves the use or threat of physical force or violence against any individual in order to qualify as a forcible felony. 720 ILCS 5/2-8 (West 2010). "It is the contemplation that force or violence against an individual might be involved combined with the implied willingness to use force or violence against an individual that makes a felony a forcible felony under the residual category of section 2-8." *People v. Belk*, 203 Ill. 2d at 196.

¶ 25 Here, the charged offense was indecent solicitation of a child which occurs when

"[T]he person, with the intent that the offense of aggravated criminal sexual assault, criminal sexual assault, predatory criminal sexual assault of a child, or aggravated criminal sexual abuse be committed, knowingly solicits a child or one whom he or she believes to be a child to perform an act of sexual penetration or sexual conduct as defined in Section 12-12 of this Code." 720 ILCS 5/11-6(a) (West 2002).

¶ 26 The record reveals that plaintiff pled guilty to soliciting sex from someone he believed to be a 14-year-old. He drove to a bus station to meet her, claimed to be her uncle, and paid for property she allegedly stole to secure her release from custody. Plaintiff was approximately 40 years of age at the time.

¶ 27 Our system of jurisprudence adopted the concept that a person must attain a certain age to be able to give consent to sexual activities from the English common law, which codified the principle in 1275. *People v. Lloyd*, 2011 IL App (4th) 100094, ¶ 31. The reasoning

behind the age of consent is that young people lack maturity in judgment and the ability to comprehend the consequences of such activity. *Id.* The age of consent fixed by a state represents a legislative judgment about the maturity of minors in matters of sexual activity. *Id.*; see also *Beul v. ASSE International, Inc.*, 233 F.3d 441, 450 (7th Cir. 2000). Our legislature has enacted several age-based criminal statutes addressing an offender's age, the victim's age, and types of conduct which show the age of consent in Illinois is generally 17 (720 ILCS 5/12-15(c) (West 2010)) but, in a few instances, it is 18. 720 ILCS 5/12-13(a)(3) (West 2010).

¶ 28    In *Clay v. Kuhl*, 189 Ill. 2d 603 (2000), our supreme court made it clear that "Illinois law presumes an intent to harm and resulting injury" from sexual abuse of a minor. *Id.* at 611; see also *Softcheck v. Imesch*, 367 Ill. App. 3d 148, 156 (2006). We find that since sexual abuse of a minor involves an act of violence against a child, that inherent in the act of soliciting a child for sex is the threat of violence against that child. We submit that the dissent ignores the fact that physical force or violence against the child was not necessary; forcible felonies encompass any "felony which involves the use of *threat of physical force or violence.*" (Emphasis added.) 720 ILCS 5/2-8 (West 2010). Defendant, through his actions both on the computer and in driving to meet someone he thought was a 14-year-old girl, and then telling police he was the girl's uncle, clearly exhibited the "contemplation" and "implied willingness" to commit an act of violence against a child. See *Belk*, 203 Ill. 2d at 196. We hold the trial court did not err in denying plaintiff's petition based on a finding that solicitation of a child for a sex act is a forcible felony.

¶ 29                                                    CONCLUSION

¶ 30    For the foregoing reasons, the judgment of the circuit court of Will County is affirmed.

¶ 31    Affirmed.

¶ 32    JUSTICE WRIGHT, concurring in part and dissenting in part:

¶ 33    I agree with the majority's conclusion that the plain language of the Firearm Owners Identification Card Act required Schlosser to seek relief in the trial court from the Illinois State Police's denial of his FOID application. I further agree with the majority's conclusion that the trial court had jurisdiction to hear Schlosser's application. Therefore, I agree that Schlosser's appeal is properly before this court. However, I do not agree with the majority's conclusion that Schlosser's conviction for indecent solicitation of a child constituted a forcible felony for the reasons discussed below.

¶ 34    First, a felony offense, not specifically enumerated by statute, is determined to be a forcible felony by examining whether the felony involved the use or threat of physical force or violence against an individual. 720 ILCS 5/2-8 (West 2010). This determination is entirely dependent on the facts of each particular case and the nature of the impermissible interaction initiated by the offender. See *People v. Belk*, 203 Ill. 2d 187 (2003); *People v. Golson*, 32 Ill. 2d 398 (1965).

¶ 35 Here, the specific facts surrounding Schlosser's prior felony conviction for indecent *solicitation* of a child will determine whether Schlosser contemplated the use of force or violence against another when committing the prior criminal act. *People v. Belk*, 203 Ill. 2d at 195. The criminal statute defines "solicit" as "to command, authorize, urge, incite, request, or advise another to perform an act by any means including, but not limited to, in person, over the phone, in writing, by computer, or by advertisement of any kind." 720 ILCS 5/11-6(b) (West 2002). Thus, the act of solicitation can be based on a polite request and does not necessarily require a threatening directive toward another person.

¶ 36 Based upon the undisputed facts resulting in his prior conviction, Schlosser's actions included undeniably salacious, but, nonetheless, long-distance, Internet conversations with another person. These Internet conversations did not incorporate or involve either an implicit or an explicit threat of force or violence toward that person. In addition, Schlosser's expressed desires to have physical contact with another person were abandoned by Schlosser before he could meet with the intended victim and inflict any physical act of force or violence upon her.

¶ 37 In this case, Schlosser did not actually use threats, force, or violence when committing the specific crime of indecent solicitation of a child as charged. Due to these circumstances, I respectfully submit that Schlosser's prior conviction for indecent solicitation of a child does not fit the statutory definition of a forcible felony.

¶ 38 The majority notes that Illinois law presumes an intent to harm resulting from an act of sexual abuse against a minor. However, this presumption applies to actual physical and sexual contact between an adult and a child. See *Softcheck v. Imesch*, 367 Ill. App. 3d at 156 (citing *Clay v. Kuhl*, 189 Ill. 2d at 611). In this case, Schlossler's criminal act was completed once he communicated, by computer, his desire to have an inappropriate rendevous with the purported 14-year-old girl. See 720 ILCS 5/11-6(a) (West 2002). Therefore, I conclude that presumed harm or violence did not attach to Schlosser's inappropriate act of communication alone.

¶ 39 Even though I do not believe that Schlosser's prior felony conviction qualifies as a forcible felony, this conclusion does not automatically entitle Schlosser to the requested relief. I would remand the matter for the trial court to make a factual determination whether (1) it is likely that Schlosser would act in a manner dangerous to the public; and (2) whether the requested relief is contrary to the public interest as required by the statute. See 430 ILCS 65/10(c) (West 2010). Either one of these determinations would support the trial court's conclusion.

¶ 40 For these reasons, I concur in part and dissent in part.