# Illinois Official Reports

## Appellate Court

---

### *Miller v. Department of State Police*, 2014 IL App (5th) 130144

---

| | |
|---|---|
| Appellate Court Caption | HEATH LEE MILLER, Petitioner-Appellee, v. THE DEPARTMENT OF STATE POLICE, Respondent-Appellant. |
| District & No. | Fifth District<br>Docket No. 5-13-0144 |
| Filed | June 17, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Where the Department of State Police revoked petitioner's firearm owner's identification card based on information that petitioner had been charged with domestic battery and unlawful possession of a controlled substance and petitioner sought relief through a petition filed under section 10(a) of the Firearm Owners Identification Card Act, wherein he alleged that although he had been convicted of domestic battery, a misdemeanor, and unlawful possession of a controlled substance, a felony, once he successfully served his sentences, including first-offender probation for the possession conviction, he was left with a misdemeanor conviction for domestic battery on his record and he was not under indictment for a felony or have a felony conviction for unlawful possession of a controlled substance at the time the revocation letter was issued and, as a result, was not prohibited from obtaining a FOID card; therefore, the trial court properly ordered the Department to issue a card to petitioner, since section 10(a) of the Act allowed petitioner to seek relief from the trial court if the revocation was "based upon" one of the enumerated offenses, including domestic battery and unlawful possession of a controlled substance. |
| Decision Under Review | Appeal from the Circuit Court of Edwards County, No. 11-MR-15; the Hon. David K. Frankland, Judge, presiding. |

| | |
|---|---|
| Judgment | Affirmed. |
| Counsel on Appeal | Lisa Madigan, Attorney General, of Chicago (Carolyn E. Shapiro, Solicitor General, and Timothy M. McPike, Assistant Attorney General, of counsel), for appellant. |
| | Alan C. Downen, of McLeansboro, for appellee. |
| Panel | PRESIDING JUSTICE WELCH delivered the judgment of the court, with opinion. |
| | Justices Cates and Schwarm concurred in the judgment and opinion. |

**OPINION**

¶ 1    The appellant, the Department of State Police (the Department), by and through its attorney, Lisa Madigan, Attorney General of the State of Illinois, appeals the judgment entered by the circuit court of Edwards County, which granted relief to the appellee, Heath Lee Miller, under section 10 of the Firearm Owners Identification Card Act (the Act) (430 ILCS 65/10 (West 2012)), by ordering the Department to issue a firearm owners identification card (FOID card) to Miller. For the reasons which follow, we affirm the decision of the circuit court.

¶ 2    On August 27, 2004, the Department notified Miller that it had revoked his FOID card. The notice indicated that records maintained by the Department revealed that Miller had been *charged* with unlawful possession of a controlled substance and domestic battery. The notice stated that revocation was pursuant to section 8(n) of the Act (430 ILCS 65/8(n) (West 2004)), which authorized the revocation of a FOID card that had been issued to an individual who was prohibited by federal law from acquiring firearms or firearm ammunition, and 18 U.S.C. § 922(n), which made it unlawful for Miller to receive any firearms or firearm ammunition because he was charged with a felony.

¶ 3    On November 4, 2011, Miller filed a petition for relief from firearm possession prohibition in the circuit court of Edwards County. The petition was filed pursuant to section 10 of the Act (430 ILCS 65/10 (West 2010)), which allows an aggrieved party to appeal directly to the circuit court following a denial or revocation of a FOID card where the denial or revocation was "based upon," *inter alia*, a domestic battery or any violation of the Illinois Controlled Substances Act. The petition alleged that on August 4, 2004, Miller was convicted of domestic battery, a Class A misdemeanor, and was placed on probation for 12 months. The petition further alleged that, on the same date, Miller had pled guilty to unlawful possession of a controlled substance, a Class 4 felony, and was placed on first-offender probation for 24 months. Miller had successfully completed his sentences of probation and was discharged

from probation. Therefore, Miller was not under indictment for a felony at the time that the revocation letter was issued. Additionally, because charges for offenses under the Illinois Controlled Substances Act (720 ILCS 570/100 *et seq.* (West 2010)) are dismissed upon successful completion of first-offender probation under section 410(f) of the Illinois Controlled Substances Act (720 ILCS 570/410(f) (West 2010)), Miller did not have a felony conviction for unlawful possession of a controlled substance at the time that the revocation letter was issued. The petition therefore alleged that federal law did not prohibit Miller from acquiring or possessing a firearm or firearm ammunition and requested that the circuit court enter an order directing the Department to issue him a FOID card.

¶ 4 On January 13, 2012, the circuit court ordered the Department to issue a FOID card to Miller. The court made the following findings: that Miller's FOID card had been revoked "[a]s a result of his conviction for domestic battery"; that he had not been convicted of a forcible felony within 20 years of his application for a FOID card; that he would be unlikely to act in a manner dangerous to public safety; that substantial justice had not been done in denying Miller a FOID card; that granting the requested relief would not be contrary to the public interest; and that because of the nature of "the domestic violence conviction," federal law did not prohibit Miller from acquiring or possessing firearms or firearm ammunition.

¶ 5 On February 28, 2012, the Department filed a "motion to vacate" the circuit court's order under section 2-1401 of the Code of Civil Procedure (the Code) (735 ILCS 5/2-1401 (West 2012)), arguing that federal and state law prohibited Miller from possessing a firearm because of his domestic-battery conviction and that compliance with the court's January 2012 order would contravene federal and state law. Therefore, the Department requested that the court's order be vacated. On March 27, 2012, Miller filed a motion to dismiss the "motion to vacate," which was thereafter granted by the circuit court. The Department appealed, and this court dismissed the appeal on the basis that the Department's motion was in substance a posttrial motion to vacate and not a section 2-1401 petition. This court then concluded that the Department's posttrial motion to vacate was untimely because it had been filed more than 30 days after entry of the final judgment, but noted that the Department still had the opportunity to file a section 2-1401 petition.

¶ 6 On December 17, 2012, the Department filed a petition for relief from judgment pursuant to section 2-1401 of the Code (735 ILCS 5/2-1401 (West 2012)) in the circuit court. The Department argued as follows: (1) that the circuit court lacked subject matter jurisdiction to consider Miller's petition for relief from firearm possession prohibition because the basis for the revocation of Miller's FOID card, which was that Miller was prohibited from possessing firearms under federal law, was not one of the bases listed under section 10(a) of the Act (430 ILCS 65/10(a) (West 2012)) that give the circuit court jurisdiction; (2) that Miller was required to seek relief for the revocation of his FOID card through the Department's administrative process; and (3) that Miller was prohibited from possessing firearms under federal law because of his conviction for domestic battery pursuant to 18 U.S.C. § 922(g)(9), which provided that any person convicted of a misdemeanor crime of domestic violence may not ship or transport in interstate commerce or possess or affect in commerce any firearm or firearm ammunition.

¶ 7 On January 16, 2013, Miller filed a motion to dismiss the Department's section 2-1401 petition, arguing, *inter alia*, that the circuit court had subject matter jurisdiction over his petition for relief from firearm possession prohibition. Miller argued that his domestic-battery conviction was the only conviction that would have potentially prohibited him from being

- 3 -

issued a FOID card under federal and state law. Miller noted that he had already successfully completed his sentence of first-offender probation for the unlawful-possession charge and that consequently the charge had been dismissed. Miller argued that the circuit court had subject matter jurisdiction over his petition pursuant to section 10(a) of the Act (430 ILCS 65/10(a) (West 2012)), which gave the circuit court authority to grant relief where a FOID card had been revoked or denied based on a conviction for domestic battery. Miller further argued that his conviction for domestic battery did not strictly fall within the federal definition of a "misdemeanor crime of domestic violence" and therefore federal law did not prevent him from possessing a firearm. On February 20, 2013, the circuit court granted Miller's motion to dismiss the Department's section 2-1401 petition for relief from judgment. The Department appeals.

¶ 8 We review *de novo* the circuit court's dismissal of a section 2-1401 petition. *People v. Vincent*, 226 Ill. 2d 1, 18 (2007). We also review *de novo* the issue of whether the circuit court properly exercised subject matter jurisdiction over a petition for a FOID card under section 10 of the Act (430 ILCS 65/10 (West 2012)). *Schlosser v. State of Illinois*, 2012 IL App (3d) 110115, ¶ 18.

¶ 9 Generally, to be entitled to relief under section 2-1401 of the Code (735 ILCS 5/2-1401 (West 2012)), a petitioner must show by a preponderance of the evidence specific factual allegations supporting each of the following elements: (1) the existence of a meritorious defense or claim; (2) due diligence in discovering this defense or claim; (3) the error of fact or valid claim or defense was not presented to the circuit court during the original action through no fault of the petitioner; and (4) due diligence in filing the section 2-1401 petition for relief. *Klose v. Mende*, 378 Ill. App. 3d 942, 946-47 (2008); *Johnson v. Wal-Mart Stores, Inc.*, 324 Ill. App. 3d 543, 547 (2001). However, a meritorious claim or defense and due diligence need not be established where a section 2-1401 petition is attacking a judgment or order as being void. *In re Haley D.*, 2011 IL 110886, ¶ 58. "[T]he allegation that the judgment or order is void substitutes for and negates the need to allege a meritorious defense and due diligence." *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 104 (2002).

¶ 10 In the present case, the Department's section 2-1401 petition alleges that the circuit court's judgment was void because it lacked subject matter jurisdiction to consider Miller's petition for relief from firearm possession prohibition filed pursuant to section 10 of the Act (430 ILCS 65/10 (West 2012)). Accordingly, the Department's section 2-1401 petition did not need to establish the existence of a meritorious claim or defense and due diligence.

¶ 11 The sole issue raised on appeal is whether the circuit court lacked subject matter jurisdiction to consider Miller's petition. The Department argues that the circuit court's January 13, 2012, order is void for lack of subject matter jurisdiction because the Department's stated basis for revoking Miller's FOID card, *i.e.*, Miller was prohibited under federal law from possessing a firearm as a result of being under indictment for a felony, is not one of the bases set forth under sections 10(a) and 10(c) of the Act (430 ILCS 65/10(a), (c) (West 2012)) for giving the circuit court jurisdiction. In response, Miller contends that he was no longer under indictment for a felony at the time that the Department had notified him that it was revoking his FOID card. Miller argues that the circuit court properly granted his request for relief because our supreme court in *Coram v. State of Illinois*, 2013 IL 113867, has ruled that a person who has been convicted of domestic battery may have his right to a FOID card restored.

¶ 12 Section 9 of the Act (430 ILCS 65/9 (West 2012)) provides that every person whose application for a FOID card is denied and every holder of a FOID card whose card is revoked shall receive written notice from the Department stating the specific grounds upon which the application has been denied or upon which the FOID card has been revoked. Section 8 of the Act (430 ILCS 65/8 (West 2012)) sets forth the grounds for the Department to deny an application for or to revoke a previously issued FOID card. The revocation notice issued by the Department in this case referenced section 8(n) of the Act (430 ILCS 65/8(n) (West 2012)) as a basis for the revocation of Miller's FOID card. Section 8(n) of the Act (430 ILCS 65/8(n) (West 2012)) gives the Department the authority to revoke a previously issued FOID card where the person is prohibited from acquiring or possessing firearms or firearm ammunition by any Illinois state statute or by federal law. The revocation notice also referenced section 922(n) of the federal Gun Control Act of 1968, which makes it "unlawful for any person who is under indictment for a crime punishable by imprisonment for a term exceeding one year to ship or transport in interstate or foreign commerce any firearm or ammunition or receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." 18 U.S.C. § 922(n) (2012). The notice indicated that Miller had been *charged* with unlawful possession of a controlled substance and domestic battery.

¶ 13 After a FOID card has been revoked, the aggrieved party may seek relief from either the Director of State Police or the circuit court pursuant to the limitations set forth in section 10(a) of the Act, which is set forth as follows:

> "Whenever *** a [FOID] Card is revoked or seized as provided for in Section 8 of this Act, the aggrieved party may appeal to the Director of State Police for a hearing upon such *** revocation ***, unless the *** revocation *** was based upon *** domestic battery[ ] [or] any violation of the Illinois Controlled Substances Act, *** in which case the aggrieved party may petition the circuit court in writing in the county of his or her residence for a hearing upon such *** revocation ***." 430 ILCS 65/10(a) (West 2012).

Further, section 10(c) of the Act states as follows:

> "Any person prohibited from possessing a firearm under Sections 24-1.1 or 24-3.1 of the Criminal Code of 2012 or acquiring a [FOID] Card under Section 8 of this Act may apply to the Director of State Police or petition the circuit court in the county where the petitioner resides, whichever is applicable in accordance with subsection (a) of this Section ***." 430 ILCS 65/10(c) (West 2012).

¶ 14 In the present case, the Department appears to acknowledge that the stated basis contained in the revocation letter, *i.e.*, being barred from possessing a firearm because Miller was under indictment for a felony, was incorrect as Miller had already been convicted of domestic battery and had pled guilty to the unlawful-possession offense at the time that the Department issued the revocation letter. However, the Department cites *Schlosser v. State of Illinois*, 2012 IL App (3d) 110115, for the proposition that it is the stated basis contained in the revocation letter, not the correctness of that basis, that determines whether the Director of State Police or the circuit court has subject matter jurisdiction over a petition seeking relief under section 10 of the Act.

¶ 15 In *Schlosser*, 2012 IL App (3d) 110115, ¶ 1, the Department denied Schlosser's application for a FOID card on the basis that he had been convicted of indecent solicitation of a child. Schlosser filed a petition for hearing in the circuit court arguing, *inter alia*, that the Department had wrongfully denied his application for a FOID card because indecent solicitation of a child

was not a forcible felony. *Id.* ¶ 12. The circuit court determined that the offense of indecent solicitation of a child fell within the definition of forcible felony and therefore denied Schlosser's petition. *Id.* ¶ 15. Schlosser appealed, arguing that indecent solicitation of a child was not a forcible felony. *Id.* ¶ 17.

¶ 16　　In response, the State argued that if indecent solicitation of a child was not a forcible felony, then Schlosser could not appeal the denial of his FOID card application directly to the circuit court and that he should have instead appealed to the Director of State Police. *Id.* The State contended that pursuant to section 10(a) of the Act (430 ILCS 65/10(a) (West 2010)), the circuit court had subject matter jurisdiction only where the denial was based on, *inter alia*, a forcible felony. *Schlosser*, 2012 IL App (3d) 110115, ¶¶ 17-19. The *Schlosser* court determined that the denial of Schlosser's FOID card application was based upon a determination that he had a prior forcible-felony conviction and therefore the circuit court had subject matter jurisdiction to consider his petition. *Id.* ¶ 21. The court then determined that indecent solicitation of a child was a forcible felony and that the circuit court had properly denied Schlosser's FOID card application. *Id.* ¶ 28. Justice Wright concurred in part and dissented in part, agreeing that the plain language of the Act required Schlosser to seek relief in the circuit court and that the circuit court had jurisdiction, but disagreeing that Schlosser's conviction for indecent solicitation of a child constituted a forcible felony. *Id.* ¶ 33 (Wright, J., concurring in part and dissenting in part).

¶ 17　　The *Schlosser* majority did not address the question of whether the Department's stated basis for denial or revocation of a FOID card controls whether the Director of State Police or the circuit court has subject matter jurisdiction, regardless of whether the stated basis is correct. Rather, the *Schlosser* court found that an appeal to the circuit court was proper because Schlosser's application had been denied on the basis that he had committed a forcible felony, indecent solicitation of a child. However, we need not determine whether the Department's stated basis for revoking a FOID card controls regardless of whether that stated basis is correct because we find that the central issue in this appeal involves the interpretation of section 10(a) of the Act (430 ILCS 65/10(a) (West 2012)).

¶ 18　　The Department argues that Illinois courts have interpreted section 10(a) of the Act (430 ILCS 65/10(a) (West 2012)) as vesting subject matter jurisdiction in the circuit court only where the revocation of a FOID card is based upon a *conviction* for one of the enumerated offenses. Therefore, the Department argues that because the basis for the revocation of Miller's FOID card was an indictment for one of the enumerated offenses and not a conviction, the circuit court lacked subject matter jurisdiction. In contrast, Miller argues that the circuit court has subject matter jurisdiction regardless of whether the basis for revocation was for pending charges or for a conviction of one of the enumerated offenses because section 10(a) of the Act does not require a conviction.

¶ 19　　As previously stated, section 10(a) of the Act (430 ILCS 65/10(a) (West 2012)) sets forth circumstances under which a petitioner can obtain relief from a firearm prohibition in the circuit court. Specifically, section 10(a) of the Act provides that an aggrieved party may appeal to the circuit court if the revocation of his FOID card was "based upon" one of the enumerated offenses, *inter alia*, domestic battery and any violation under the Illinois Controlled Substances Act. 430 ILCS 65/10(a) (West 2012). Here, the revocation of Miller's FOID card was not "based upon" a *conviction* for one of the enumerated offenses, but instead upon his being *charged* with a felony and therefore prohibited by federal law from possessing firearms.

The charges referenced in the revocation letter were domestic battery and a violation of the Illinois Controlled Substances Act, both of which are listed offenses in section 10(a) of the Act.

¶ 20    To determine the proper interpretation of section 10(a) of the Act, we first look to the plain language of the statute. The primary rule of statutory construction is to ascertain and give effect to the legislature's intent. *People v. McChriston*, 2014 IL 115310, ¶ 15; *Williams v. Tazewell County State's Attorney's Office*, 348 Ill. App. 3d 655, 659 (2004). The best evidence of legislative intent is the statutory language, given its plain and ordinary meaning. *McChriston*, 2014 IL 115310, ¶ 15; *Williams*, 348 Ill. App. 3d at 659. Where the statutory language is clear and unambiguous, we must apply the statute without resort to further aids of statutory construction. *McChriston*, 2014 IL 115310, ¶ 15.

¶ 21    In this case, the Department cites *Schlosser v. State of Illinois*, 2012 IL App (3d) 110115, ¶¶ 19-21, and *Williams*, 348 Ill. App. 3d at 659, for the proposition that Illinois courts have interpreted section 10(a) of the Act to require a conviction for the circuit court to have subject matter jurisdiction over a petition for relief from firearm possession prohibition. In *Schlosser*, 2012 IL App (3d) 110115, ¶ 21, the court determined that Schlosser's FOID card application was denied based on his having been *convicted* of a forcible felony. Similarly, in *Williams*, 348 Ill. App. 3d at 656, Williams' application for a FOID card was denied based upon his having been *convicted* of a domestic battery. Therefore, in both cases, the petitioners' FOID card applications were denied because they had been *convicted* of one of the enumerated offenses, and those courts were not required to determine whether circuit court jurisdiction was limited to cases where the denial or revocation of a FOID card was based upon a *conviction* for one of the offenses set forth in section 10(a) of the Act.

¶ 22    The plain language of section 10(a) of the Act provides that an aggrieved party may appeal to the circuit court if the revocation of his FOID card was "based upon" one of the enumerated offenses. Nowhere in the statute did the legislature impose the limitation that the aggrieved party must be convicted of one of the enumerated offenses as opposed to merely being charged. See 430 ILCS 65/10(a) (West 2012). "Courts should not, under the guise of statutory construction, add requirements or impose limitations that are inconsistent with the plain meaning of the statute." *Williams*, 348 Ill. App. 3d at 659. Therefore, we conclude that section 10(a) of the Act (430 ILCS 65/10(a) (West 2012)) encompasses a denial or revocation of a FOID card based on the applicant's being prohibited by federal law from possessing firearms, which is based on the applicant's having been *charged* with a felony, where that felony is one of the enumerated offenses in section 10(a) of the Act. Accordingly, the circuit court had subject matter jurisdiction to consider Miller's petition, and we affirm the circuit court's judgment ordering the Department to issue a FOID card to Miller.

¶ 23    For the foregoing reasons the judgment of the circuit court of Edwards County is hereby affirmed.

¶ 24    Affirmed.