# Illinois Official Reports

## Appellate Court

---

### *Fuller v. Department of State Police*, 2019 IL App (1st) 173148

---

| | |
|---|---|
| Appellate Court Caption | DAVID K. FULLER, Petitioner-Appellant, v. THE DEPARTMENT OF STATE POLICE and THE COOK COUNTY STATE'S ATTORNEY, Respondents-Appellees. |
| District & No. | First District, Sixth Division <br> Docket No. 1-17-3148 |
| Filed | February 15, 2019 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 2017-CH-006475; the Hon. Celia Gamrath, Judge, presiding. |
| Judgment | Reversed and remanded. |
| Counsel on Appeal | Higbee & Associates, of Santa Ana, California (Mathew Higbee, of counsel), for appellant. <br><br> Kwame Raoul, Attorney General, of Chicago (David L. Franklin, Solicitor General, and Ann C. Maskaleris, Assistant Attorney General, of counsel), for appellee Department of State Police. <br><br> Kimberly M. Foxx, State's Attorney, of Chicago (Cathy McNeil Stein, Paul Castiglione, Sisavanh B. Baker, and Marie D. Spicuzza, Assistant State's Attorneys, of counsel), for other appellee. |

| Panel | JUSTICE HARRIS delivered the judgment of the court, with opinion. Justices Cunningham and Connors concurred in the judgment and opinion. |
| --- | --- |

## OPINION

¶ 1    Petitioner, David K. Fuller, appeals the order of the circuit court dismissing his motion to restore his firearm rights, where the motion was filed more than 35 days after the Department of State Police (ISP) denied Fuller's application for a Firearm Owners Identification (FOID) Card. On appeal, Fuller contends the court erred in finding it had no jurisdiction over the matter pursuant to Administrative Review Law (Law) (735 ILCS 5/3-101 *et seq.* (West 2016)), where the 35-day period within which to file an appeal from a final administrative order did not apply in his case. For the following reasons, we reverse and remand for further proceedings.

¶ 2                                JURISDICTION

¶ 3    The trial court dismissed Fuller's complaint on November 14, 2017. Fuller filed a notice of appeal on December 13, 2017. Accordingly, this court has jurisdiction pursuant to Illinois Supreme Court Rules 301 (eff. Feb. 1, 1994) and 303 (eff. July 1, 2017), governing appeals from final judgments entered below.

¶ 4                                 BACKGROUND

¶ 5    On January 8, 1980, Fuller, who was 19 years old at the time, received a two-year probation sentence after being convicted of "Burglary in the Third Degree," a felony. He served his sentence and has no other convictions.

¶ 6    On August 29, 2014, Fuller received a gubernatorial pardon from Governor Pat Quinn in which he was "acquitted and discharged of and from all further imprisonment and restored to all the rights of citizenship which may have been forfeited by the conviction." The governor's order permitted expungement but excluded "The Right to Ship, Transport, Possess, Or Receive Firearms, Which May Have Been Forfeited By The Conviction." In January 2015, the circuit court entered an "order to expunge and impound criminal records" upon Fuller's petition.

¶ 7    In 2016, Fuller filed an application for a FOID card with the ISP. A FOID card is required for purchasing or possessing a firearm in Illinois. 430 ILCS 65/2(a)(1) (West 2016). On August 24, 2016, the ISP notified Fuller that it had denied his application because he was "prohibited from firearms" pursuant to "18 USC 922 (g) (1)—Persons who have been convicted of a crime punishable by imprisonment for a term exceeding one year" and "430 ILCS 65/8 (c)—A person convicted of a felony."

¶ 8    On May 5, 2017, Fuller filed a motion to restore firearm rights in the circuit court. Fuller cited section 10(c) of the Firearm Owners Identification Card Act (FOID Card Act) (*id.* § 10(c)), and alleged that he "has not been imprisoned for a conviction of a forcible felony within the past 20 years" and "leads a clean and sober lifestyle free of crime." He highlighted his personal and professional growth since his conviction, including the fact that he has been a firefighter with the Chicago Fire Department for the past 10 years. He acknowledged his past "poor decision-making" and "deeply regrets the mistakes he made in his past and has learned

from them." The summons named both the Cook County State's Attorney and the ISP as respondents in the action.

¶ 9     On June 8, 2017, the state's attorney filed a motion to dismiss the matter pursuant to section 2-619(a)(5) of the Code of Civil Procedure (Code) (735 ILCS 5/2-619(a)(5) (West 2016)). The state's attorney argued that the circuit court lacked jurisdiction over the matter because the ISP's denial of Fuller's FOID card application was a final administrative decision that had to be appealed within 35 days under the Law. Per court order, the ISP provided records to the court relating to Fuller's FOID card application but did not file an answer. The court granted ISP's motion for an extension of time to respond to Fuller's motion.

¶ 10     On November 14, 2017, the circuit court held a hearing on the motion to dismiss and thereafter granted the state's attorney's motion. The court found that "under section [11(a)] of the [FOID Card Act], all final administrative decisions of the ISP under [section 10(a)-(e)] are subject to review under the [Law]," which requires the filing of a complaint for administrative review within 35 days of the final administrative decision. The order stated that "all parties, including the Attorney General agree that the August 24, 2016 denial of the [*sic*] Fuller's FOID application is a final administrative order under the" Law. Since Fuller failed to file his motion within 35 days of the denial, the court lacked jurisdiction over the matter. Fuller filed this timely appeal.

¶ 11                                          ANALYSIS

¶ 12     Fuller appeals the dismissal of his action pursuant to section 2-619(a)(5) of the Code, which provides for dismissal when an action was not commenced within the time limited by law. *Id.* A section 2-619 motion to dismiss admits the legal sufficiency of all well-pleaded facts "but asserts an affirmative defense or other matter that avoids or defeats the plaintiffs' claim." *DeLuna v. Burciaga*, 223 Ill. 2d 49, 59 (2006). As section 2-619 motions present a question of law, we review dismissals thereon *de novo*.

¶ 13     Illinois courts, as courts of general jurisdiction, "enjoy a presumption of subject matter jurisdiction." *Illinois State Treasurer v. Illinois Workers' Compensation Comm'n*, 2015 IL 117418, ¶ 14. This presumption does not apply to administrative proceedings, however, because "Illinois courts are empowered to review administrative actions only 'as provided by law.'" *Id.* In exercising its "special statutory jurisdiction" when reviewing an administrative decision, a court is limited by the language of the act conferring jurisdiction. *People ex rel. Madigan v. Illinois Commerce Comm'n*, 2014 IL 116642, ¶ 10.

¶ 14     The ISP denied Fuller's FOID card application pursuant to section 8(c) of the FOID Card Act. Section 11(a) of the FOID Card Act provides that "[a]ll final administrative decisions of the [ISP] under this Act *** shall be subject to judicial review under the provisions of the [Law]." 430 ILCS 65/11(a) (West 2016). Section 3-103 of the Law states that "[e]very action to review a final administrative decision shall be commenced by the filing of a complaint and the issuance of summons within 35 days from the date that a copy of the decision *** was served upon the party affected by the decision." 735 ILCS 5/3-103 (West 2016). The circuit court applied these statutory provisions and determined that it lacked jurisdiction to review the ISP's denial of Fuller's application because he failed to file his motion within 35 days of the denial.

¶ 15     However, since section 11(a) pertains to judicial review of "final administrative decisions of the ISP," the threshold question we must consider is whether the ISP's initial denial of a

FOID card application is a final administrative decision. Although the circuit court found that "all parties, including the Attorney General agree that the August 24, 2016 denial of the [*sic*] Fuller's FOID application is a final administrative order," the parties cannot waive judicial review of subject matter jurisdiction by agreement. See *In re M.W.*, 232 Ill. 2d 408, 417 (2009) ("lack of subject matter jurisdiction is not subject to waiver").

¶ 16    Not all administrative decisions are final decisions. *Pinkerton Security & Investigation Services v. Department of Human Rights*, 309 Ill. App. 3d 48, 53 (1999). Final administrative decisions "contemplate an adversarial proceeding involving the parties, a hearing on the controverted facts, and an ultimate disposition rendered by an impartial fact finder." *O'Rourke v. Access Health, Inc.*, 282 Ill. App. 3d 394, 401 (1996). In other words, "a final administrative decision is one 'which affects the legal rights, duties or privileges of the parties and which terminates the proceedings before the administrative agency.' " (Emphasis omitted.) *Searles v. Board of Education of the City of Chicago*, 369 Ill. App. 3d 500, 504 (2006) (quoting 735 ILCS 5/3-101 (West 2004)).

¶ 17    Here, the ISP's denial of Fuller's application did not follow an adversarial proceeding in which contested facts were heard by an impartial fact finder. The ISP simply denied Fuller's application, pursuant to section 8(c) of the FOID Card Act, because he was convicted of a forcible felony on December 26, 1979. Section 10(a) provides that

> "[w]henever an application for a [FOID] Card is denied *** the aggrieved party may appeal to the Director of State Police for a hearing upon such denial *** unless the denial *** was based upon a forcible felony ***, in which case the aggrieved party may petition the circuit court in writing in the county of his or her residence for a hearing upon such denial." 430 ILCS 65/10(a) (West 2016).

Section 10's provision for an adversarial hearing *after* an application has been denied supports a determination that the ISP's initial denial is not a final administrative decision.

¶ 18    Also, the mere fact that section 10 gives certain denied applicants a choice to have their appeal heard by the circuit court, instead of the director, does not transform the ISP's initial denial into a final administrative decision. Prior to 2001, the only method to review the ISP's denial of a FOID card application was to appeal to the director of the ISP. *Williams v. Tazewell County State's Attorney's Office*, 348 Ill. App. 3d 655, 660 (2004). At the time, courts did not consider the initial denial to be a final administrative decision where proceedings before the agency had not been terminated. *Id.* The 2001 amendment did not alter this appeal process, but provided applicants who had convictions for certain offenses with the choice to have their appeal heard by the circuit court instead of the director. *Id.* The appellate court in *Williams* reasoned that the legislature could have provided at the time "that such decisions are final and subject to review under the [Law]" but "[i]t did not." *Id.* Although Williams had appealed the rejection of his FOID card application to the circuit court, the appellate court found that the ISP's rejection was not a final administrative decision subject to the Law. *Id.* at 661. While the court also found that the ISP's letter stated only that it would not process Williams's application, rather than deny the application, this finding was additional grounds for the court's determination that Williams's petition was not subject to the Law. *Id.* at 660-61.

¶ 19    It follows that if the ISP's initial denial of a FOID card application is not a final administrative decision, the Law's 35-day limit within which to file a petition for judicial review does not apply. As further support, we note that since the 2001 amendment, courts have held hearings on petitions appealing the ISP's initial denial of a FOID card application where

the petition was filed more than 35 days after the denial. See *Schlosser v. State*, 2012 IL App (3d) 110115; *Miller v. Department of State Police*, 2014 IL App (5th) 130144; *Odle v. Department of State Police*, 2015 IL App (5th) 140274; *People v. Heitmann*, 2017 IL App (3d) 160527.

¶ 20   The state's attorney argues that without application of the Law, and with no time limit expressed in section 10 within which an applicant must appeal the ISP's denial, a person whose FOID card application is denied "would have no deadline for bringing their challenge to such a denial," which is an absurd result. The primary purpose of statutory construction is to ascertain and give effect to legislative intent as indicated by the clear language of the statute. *Brucker v. Mercola*, 227 Ill. 2d 502, 513 (2007). "The language of the statute must be afforded its plain, ordinary and popularly understood meaning ***." *People ex rel. Sherman v. Cryns*, 203 Ill. 2d 264, 279 (2003). The clear terms of section 10 do not provide for a time limit, and courts "will not depart from the plain language of a statute by reading into it exceptions, limitations or conditions that conflict with the express legislative intent." *Id.* Furthermore, we disagree that this is "an absurd result" with no finality. As the denial of an application to legally possess a firearm, left to stand, adversely affects only the applicant, it is in the applicant's interest to move forward with the appeal process in a timely manner. Also, as the ISP points out in its brief, other limitations relevant to civil actions, as well as the equitable doctrine of *laches*, may apply.

¶ 21   Since Fuller's motion essentially seeks relief under section 10 from the ISP's initial denial of his FOID card application, and we find that the ISP's denial is not a final administrative decision subject to the Law, the circuit court had jurisdiction to consider the motion even though it was filed more than 35 days after notification of the denial. Therefore, the court's dismissal for lack of jurisdiction was error.

¶ 22   The state's attorney argues on appeal that this court should affirm the dismissal of Fuller's motion "on an alternative basis in the record." Specifically, the state's attorney argues that Fuller is also prohibited from possessing a firearm under federal law. This basis for dismissal, however, was not addressed in the state's attorney's motion to dismiss or by the circuit court. "[G]rounds not specified in the motion to dismiss cannot be urged on appeal" and to determine otherwise "would be unfair to the complainant and inappropriate." *Taylor v. Trans Acceptance Corp.*, 267 Ill. App. 3d 562, 573 (1994). The circuit court below did not have occasion to consider Fuller's motion on the merits, and as the ISP argues, there may be an exception in the federal Gun Control Act of 1968 (18 U.S.C. § 921 *et seq.* (2012)) that applies to Fuller. We will not affirm a dismissal on this alternative basis before the circuit court has considered and ruled on these issues.

¶ 23                                              CONCLUSION

¶ 24   For the foregoing reasons, the judgment of the circuit court is reversed and the cause is remanded for further proceedings.

¶ 25   Reversed and remanded.