# ILLINOIS OFFICIAL REPORTS

## Appellate Court

Burns v. Department of Insurance, 2013 IL App (1st) 122449

| | |
|---|---|
| Appellate Court Caption | JOHN T. BURNS, III, Plaintiff-Appellant, v. THE DEPARTMENT OF INSURANCE and ANDREW BORON, Acting Director of The Department of Insurance, Defendants-Appellees. |
| District & No. | First District, First Division<br>Docket No. 1-12-2449 |
| Filed | September 30, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Plaintiff's appeal from the trial court's dismissal of his complaint for administrative review of the Department of Insurance's revocation of his insurance producer's license and the imposition of a $10,000 penalty for selling fraudulent investment products was dismissed on the ground that he failed to exhaust his administrative remedies, notwithstanding his contention that the exception to the exhaustion requirement allowing judicial review when no issues of fact are presented or agency expertise is not involved applied to his case, since there was no transcript of the administrative hearing, the Department's evidentiary rulings would be presumed to conform with the law and have a sufficient factual basis, and under the circumstances, the exhaustion doctrine would be best served by requiring plaintiff to exhaust his remedies by seeking a rehearing before filing for judicial review. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 12-CH-5077; the Hon. LeRoy K. Martin, Jr., Judge, presiding. |
| Judgment | Affirmed. |

| Counsel on Appeal | Sneckenberg, Thompson & Brody, LLP, of Chicago (William J. Sneckenberg and James P. Duchateau, of counsel), for appellant. |
|---|---|
| | Lisa Madigan, Attorney General, of Chicago (Michael A. Scodro, Solicitor General, and Linda Boachie-Ansah, Assistant Attorney General, of counsel), for appellees. |
| Panel | JUSTICE HOFFMAN delivered the judgment of the court, with opinion. Presiding Justice Connors and Justice Delort concurred in the judgment and opinion. |

## OPINION

¶ 1     The plaintiff, John T. Burns III, appeals the circuit court order which, pursuant to section 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619 (West 2012)), dismissed his complaint for administrative review of the decision of the defendants, the Department of Insurance and Andrew Boron, acting director of the Department of Insurance (Department), to revoke his insurance producer license and impose a civil penalty of $10,000. For the reasons that follow, we affirm the judgment of the circuit court.

¶ 2     The plaintiff filed a complaint for administrative review, alleging the following facts. On March 1, 2011, the Department revoked the plaintiff's insurance producer license. On March 25, he requested a hearing to determine whether his license should be reinstated. The hearing was held on August 25, with hearing officer Helen Kim presiding over the proceedings. After hearing testimony from various individuals, Kim issued an opinion on November 10, 2011, recommending that the plaintiff's license be revoked and that he be fined. On January 10, 2012, the Department adopted Kim's opinion and recommendations, revoked the plaintiff's insurance producer license, and fined him $10,000. The plaintiff requested that the Department's order be reversed and that his license be reinstated.

¶ 3     The plaintiff attached Kim's November 10, 2011, opinion. According to the opinion, the plaintiff proceeded *pro se* at the hearing at which several witnesses testified. While the transcripts of the administrative hearing are not part of the appellate record, we use Kim's summary of the proceedings to provide factual context.

¶ 4     Mary Lopez, an enforcement attorney for the Illinois Securities Department, testified that her department received several complaints from investors about the plaintiff's conduct while working for USA Retirement. The customer complaints identified the plaintiff as the one who led them to invest in fraudulent products. Specifically, Lopez knew of at least four investors that named the plaintiff, but she could not disclose their names because such information is confidential. The customers told Lopez that, while they lost their life savings,

the plaintiff appeared to be doing very well, having purchased a big home and nice car while working at USA Retirement. According to Lopez, the customers, who lost about $1 million combined, were told about the fraudulent investment products when they initially sought estate planning or tax advice. In June 2010, the Securities Department issued a temporary order prohibiting the plaintiff from selling or offering securities. After the plaintiff failed to contest the temporary order, the order became final. After the Securities Department issued its order, the Department opened its investigation.

¶ 5       The plaintiff testified that he was employed by USA Retirement from November 2008 through March 2010. He obtained his insurance producer license in March 2009, but he denied that he ever sold any insurance products. He further denied that he ever offered or sold securities to any customer. The plaintiff was employed to hold seminars on estate planning issues and meet with customers regarding estate planning issues. In March 2010, USA Retirement was taken into receivership after the federal Securities and Exchange Commission filed a complaint against the managing partners of the company. The plaintiff denied knowledge of the "four consumers" that Lopez referred to in her testimony and denied purchasing a new home or a new car while working at USA Retirement. He also admitted that he did not request a hearing to contest the Securities Department's prohibition order.

¶ 6       Kim determined that, because the plaintiff was found by the Securities Department to have committed fraud and other violations of the Illinois Security Law of 1953 (Securities Act) (815 ILCS 5/12 (West 2010)), it was within the Director's discretion to revoke his insurance producer license pursuant to section 500-70(a)(8) of the Insurance Code (215 ILCS 5/500-70(a)(8) (West 2012)). Additionally, she recommended that the plaintiff be assessed a civil penalty of $10,000, noting that since Lopez testified regarding four investors, he could be assessed up to $40,000. However, Kim considered that the plaintiff was still owed a salary and had incurred financial hardship as a result of his employment at USA Retirement. She also found no evidence substantiating the claims that the plaintiff purchased a larger home and nicer vehicle during his employment. On January 10, 2012, the Department adopted Kim's factual findings, conclusions of law, and recommendations.

¶ 7       On February 14, 2012, the plaintiff filed the instant action for administrative review in the circuit court. On April 17, 2012, the defendants filed a section 2-619 motion to dismiss the plaintiff's complaint, arguing that he failed to petition for a rehearing or to reopen the hearing pursuant to section 2402.280 of title 50 of the Administrative Code (50 Ill. Adm. Code 2402.280 (1979)) and, therefore, failed to exhaust his administrative remedies as required by the Department's rules.

¶ 8       On July 16, 2012, after hearing the matter, the circuit court granted the defendants' section 2-619 motion, agreeing with them that the plaintiff failed to exhaust his administrative remedies by failing to file a motion for a rehearing. This appeal followed.

¶ 9       A section 2-619 motion to dismiss admits the legal sufficiency of the complaint and raises defects, defenses, or other affirmative matters that appear on the face of the complaint or are established by external submissions that act to defeat the claim. *Krilich v. American National Bank & Trust Co. of Chicago*, 334 Ill. App. 3d 563, 570 (2002). Section 2-619(a)(9), specifically, allows dismissal when the claim asserted is barred by an affirmative

matter which avoids the legal effect of or defeats the claim. 735 ILCS 5/2-619(a)(9) (West 2012); *Krilich*, 334 Ill. App. 3d at 570. "In ruling on a motion to dismiss under section 2-619, the trial court may consider pleadings, depositions, and affidavits." *Id.* "The question on appeal is whether the existence of a genuine issue of material fact should have precluded the dismissal or, absent such an issue of fact, whether dismissal is proper as a matter of law." (Internal quotation marks omitted.) *Id.* Our standard of review of a dismissal under section 2-619 of the Code is *de novo*. *Id.* at 569.

¶ 10    Regarding administrative proceedings conducted by the Department, section 2402.280(c) of title 50 of the Administrative Code provides:

"A motion for a rehearing or a motion for the reopening of a hearing shall be filed within 10 days of the date of mailing of the Director's Order. A rehearing shall be noticed and conducted in the same manner as an original hearing. The evidence received at the rehearing shall be included in the record for Director's reconsideration and for judicial review. A decision or order may be amended or vacated after rehearing." 50 Ill. Adm. Code 2402.280(c) (1979).

¶ 11    Further, section 3-102 of the Administrative Review Law (735 ILCS 5/3-102 (West 2012)) provides that "[u]nless review is sought of an administrative decision within the time and in the manner herein provided, the parties to the proceeding before the administrative agency shall be barred from obtaining judicial review of such administrative decision." Section 3-102 further states:

"If under the terms of the Act governing the procedure before an administrative agency[,] an administrative decision has become final because of the failure to file any document in the nature of objections, protests, petition for rehearing or application for administrative review within the time allowed by such Act, such decision shall not be subject to judicial review hereunder excepting only for the purpose of questioning the jurisdiction of the administrative agency over the person or subject matter." 735 ILCS 5/3-102 (West 2012).

¶ 12    Accordingly, the general rule is that parties aggrieved by the action of an administrative agency cannot seek review in the courts without first exhausting all administrative remedies available to them. *Castaneda v. Human Rights Comm'n*, 132 Ill. 2d 304, 308 (1989). Requiring the exhaustion of remedies allows the administrative agency to fully develop and consider the cause before it, use its expertise to resolve matters, correct its own errors, and conserve judicial time by avoiding unnecessary or piecemeal appeals. *Id.* Where the administrative rules allow for applications for rehearing, a party must do so in order to exhaust his administrative remedies and preserve his right to seek judicial review. *Id.* at 321-23. However, several exceptions have been recognized by our courts which allow a party to seek judicial review of an administrative decision without exhausting all administrative remedies available to him, including: (1) where a statute, ordinance or rule is attacked as facially unconstitutional; (2) where multiple administrative remedies exist and at least one is exhausted; (3) where the agency cannot provide an adequate remedy or where it is patently futile to seek relief before the agency; (4) where no issues of fact are presented or agency expertise is not involved; (5) where irreparable harm will result from further pursuit of

administrative remedies; or (6) where the agency's jurisdiction is attacked because it is not authorized by statute. *Id.* at 309.

¶ 13    In this case, the plaintiff admits that he never filed an application for rehearing pursuant to section 2402.280 of title 50 of the Administrative Code, but he argues that the exception allowing judicial review where no issues of fact are presented or agency expertise is involved applies to his case. He argues that the Department based its revocation on hearsay statements that were improperly admitted through Lopez's testimony and whether evidence constitutes hearsay is a legal issue, not requiring the Department's expertise or fact-finding duties. See *Halleck v. Coastal Building Maintenance Co.*, 269 Ill. App. 3d 887, 891 (1995) (stating "[a]lthough the admission of evidence is ordinarily within the sound discretion of the trial court, the initial determination that a particular statement constitutes hearsay is a legal issue which does not require any exercise of discretion, fact finding, or evaluation of credibility").

¶ 14    Here, however, the transcript of the administrative hearing containing the alleged hearsay statements was not made part of the appellate record. The Department attached a copy of the transcript to its appendix and requested that we take judicial notice of it. While Illinois Supreme Court Rule 329 (eff. Jan. 1, 2006) permits material omissions from and improper authentication of the record on appeal to be remedied by stipulation of the parties after the transmission of the record to this court (see also *Chicago Title & Trust Co. v. Brooklyn Bagel Boys, Inc.*, 222 Ill. App. 3d 413, 417 (1991)), the plaintiff objects in his reply brief to the inclusion of the transcript. Thus, because the parties have not stipulated to the inclusion of the transcript, we consider only the documents in the certified record.

¶ 15    It is the appellant's burden to present a sufficiently complete record of the proceedings at trial to support a claim of error, and in the absence of such a record on appeal, it will be presumed that the order entered by the Department was in conformity with the law and had a sufficient factual basis. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984); *In re Marriage of Baniak*, 2011 IL App (1st) 092017, ¶ 30, 957 N.E.2d 469. Any doubts which may arise from the incompleteness of the record will be resolved against the appellant. *Id.* Without any transcript of the administrative hearing, under *Foutch*, we must presume that the Department's evidentiary rulings conform with the law and had a sufficient factual basis. Therefore, we reject the plaintiff's contention that the exception to the exhaustion doctrine applies.

¶ 16    Moreover, even if we were to consider the merits of the plaintiff's argument, we would not find that evidentiary issues fall under the exception that plaintiff raises. The cases cited in *Castaneda* for this exception do not relate to evidentiary issues arising during the administrative hearing; rather, they involved novel statutory construction issues. See *Castaneda*, 132 Ill. 2d at 309 (citing *Illinois Bell Telephone Co. v. Allphin*, 60 Ill. 2d 350, 359 (1975) (finding an exception to the exhaustion doctrine, which antedated the Administrative Review Law, no longer applied but applied to the plaintiff's case as it arose before the enactment of the new law), and *McKenna v. Board of Trustees of the University of Illinois*, 90 Ill. App. 3d 992, 998-99 (1980) (finding that the plaintiff's claim that the university's merit board applied wrong wage statute was a legal issue which involved no factual questions and no agency expertise, and where further pursuit before the board would have been futile)). Unlike in *Allphin* and *McKenna*, evidentiary issues are not novel and

allowing the Department to reconsider such issues allows it to use its expertise and correct its own errors. Thus, the purposes of the exhaustion doctrine seem best served by requiring that the plaintiff exhaust all administrative remedies, including filing for a rehearing, before seeking judicial review of the evidentiary issue he raises here.

¶ 17       For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 18       Affirmed.