2017 IL App (1st) 162033

No. 1-16-2033

Fifth Division
June 30, 2017

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

_____

|  |  |  |
|---|---|---|
| LEE CATLEDGE, | ) | Appeal from the Circuit Court of Cook County. |
|  | ) |  |
| Plaintiff-Appellant, | ) |  |
|  | ) | No. 15 CH 12405 |
| v. | ) |  |
|  | ) | The Honorable |
| ANNE MELISSA DOWLING, in Her Official Capacity as Acting Director for the Illinois Department of Insurance, THE ILLINOIS DEPARTMENT OF INSURANCE, MARY JANE ADKINS, in Her Official Capacity as Hearing Officer for the Illinois Department of Insurance, NATIONWIDE MUTUAL INSURANCE COMPANY, and BRYAN HOLCOMB, in His Official Capacity as Specialist in Portfolio Underwriting in Personal Lines for the Midwest Region for Nationwide Fire Insurance Company, | ) ) ) ) ) ) ) ) ) ) ) | Kathleen G. Kennedy, Judge Presiding. |
|  | ) |  |
| Defendants | ) |  |
|  | ) |  |
| (Anne Melissa Dowling and the Illinois Department of Insurance, | ) ) | |
| Defendants-Appellees). | ) |  |
|  | ) |  |

_____

PRESIDING JUSTICE GORDON delivered the judgment of the court, with opinion.
Justice Hall concurred in the judgment and opinion.
Justice Lampkin specially concurred, with opinion.

**OPINION**

¶ 1    *Pro se* plaintiff, Lee Catledge, filed a complaint in the trial court, seeking administrative review of an order of the acting director of the Illinois Department of Insurance upholding the cancellation of plaintiff's homeowners insurance policy. Defendants, the Illinois Department of Insurance (Department) and Anne Melissa Dowling, its acting director (Acting Director),[1] filed a motion to dismiss the complaint pursuant to section 2-619(a)(9) of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/2-619(a)(9) (West 2014)), claiming that the trial court did not have jurisdiction to review the administrative order, since plaintiff did not first exhaust his administrative remedies where he failed to request rehearing before filing his complaint in the trial court. The trial court granted defendants' motion, and plaintiff appeals. For the following reasons, we affirm.

¶ 2                                    BACKGROUND

¶ 3    In April 2015, Nationwide Mutual Fire Insurance Company (Nationwide) sent a notice to plaintiff that his homeowners insurance had been cancelled because the subject property was in foreclosure, which represented "a substantial change in risk." Plaintiff then requested and received a hearing before the Department, after which the Department's hearing officer (Hearing Officer) issued a recommended decision, finding that Nationwide's cancellation of plaintiff's insurance policy complied with the Illinois Insurance Code (Insurance Code), since the foreclosure constituted a greater risk than what Nationwide originally accepted. On July 28, 2015, the Acting Director entered an order, adopting the Hearing Officer's

_____

[1]Mary Jane Adkins, a hearing officer at the Department; Nationwide Mutual Insurance Company; and Bryan Holcomb, a specialist in portfolio underwriting at Nationwide, were named as defendants in plaintiff's complaint but are not parties on appeal.

recommendations, and found that the cancellation of plaintiff's insurance policy was proper under the Insurance Code. The order further stated:

"This Order is a Final Decision pursuant to the Illinois Administrative Procedure Act (5 ILCS 100/1 et seq.). Parties to the proceeding may petition the Director of Insurance for a Rehearing or to Reopen the Hearing pursuant to Section 2402.280 of Title 50 of the Illinois Administrative Code (50 Ill. Adm. Code 2402.280). Appeal of this Order is governed by the Illinois Administrative Review Law (735 ILCS 5/3-101 et seq.)."

¶ 4      On August 19, 2015, plaintiff filed a complaint in the trial court for judicial review of the Acting Director's order upholding the cancellation of plaintiff's insurance policy. Defendants filed a motion to dismiss the complaint pursuant to section 2-619(a)(9) of the Code (735 ILCS 5/2-619(a)(9) (West 2014)), claiming that plaintiff failed to (1) exhaust his administrative remedies and (2) file an affidavit as required by section 3-105 of the Administrative Review Law (735 ILCS 5/3-105 (West 2014)). Specifically, the motion to dismiss argued that plaintiff failed to file a motion for rehearing within 10 days of the date the Acting Director's order was mailed, as required by section 2402.280(c) of the Illinois Administrative Code. 50 Ill. Adm. Code 2402.280(c) (2014). In response, plaintiff claimed that he was excused from exhausting his administrative remedies, arguing that he was not required to file a motion for rehearing because, if he did, his case would be reviewed by the same Hearing Officer that issued the initial recommendation. Plaintiff also claimed, among other things, that the motion to dismiss was not properly filed with the trial court and that it should be stricken as a result.

¶ 5      On April 12, 2016, the trial court ordered plaintiff to file a copy of the Hearing Officer's recommendation and ordered the parties to file a memorandum discussing an administrative

agency's notice requirements concerning a party's right to administrative review and a plaintiff's duty to exhaust administrative remedies. On May 17, 2016, defendants filed a supplemental reply brief in support of their motion to dismiss, addressing the issues of notice and exhaustion of administrative remedies, arguing that the Department immediately notified the parties of the Acting Director's order pursuant to the Department's regulations and that the Acting Director's order specifically referenced section 2402.280 of the Administrative Code (50 Ill. Adm. Code 2402.280 (2014)), requiring plaintiff to seek rehearing. In support, the supplemental reply brief attached an affidavit of Mary Ann Lelys, an administrative assistant for the Department, stating that she mailed the Acting Director's order and the Hearing Officer's recommended decision to the parties as indicated in the certificate of service.

¶ 6        Plaintiff then filed a motion requesting that the trial court strike the supplemental reply brief and impose sanctions under Illinois Supreme Court Rule 137 (eff. July 1, 2013), claiming that defendants committed a fraud on the court when they requested an extension to file a "Supplemental Memorandum Regarding Notice Provisions" and then instead submitted a supplemental brief on its motion to dismiss. Plaintiff argued that this was done for an improper purpose "such as to harass, and cause unnecessary delay or needless increase in the cost of litigation."

¶ 7        The trial court granted defendants' motion to dismiss on July 26, 2016, finding that plaintiff failed to exhaust his administrative remedies. The trial court denied plaintiff's remaining motions that were taken with the motion to dismiss, and plaintiff now appeals.

¶ 8                                              ANALYSIS

¶ 9        Plaintiff appeals the trial court's dismissal of his complaint for administrative review of the Acting Director's order, upholding the cancellation of plaintiff's homeowners insurance policy. For the following reasons, we affirm.

¶ 10                                     I. Standard of Review

¶ 11        A motion to dismiss under section 2-619 of the Code admits the legal sufficiency of all well-pleaded facts, but allows for the dismissal of claims barred by an affirmative matter defeating those claims or avoiding their legal effect. *Janda v. United States Cellular Corp.*, 2011 IL App (1st) 103552, ¶ 83 (citing *DeLuna v. Burciaga*, 223 Ill. 2d 49, 59 (2006)). When reviewing a motion to dismiss under section 2-619, "a court must accept as true all well-pleaded facts in plaintiffs' complaint and all inferences that can reasonably be drawn in plaintiffs' favor." *Morr-Fitz, Inc. v. Blagojevich*, 231 Ill. 2d 474, 488 (2008). Additionally, a cause of action should not be dismissed under section 2-619 unless it is clearly apparent that no set of facts can be proved that would entitle the plaintiff to relief. *Feltmeier v. Feltmeier*, 207 Ill. 2d 263, 277-78 (2003). For a section 2-619 dismissal, our standard of review is *de novo*. *Solaia Technology, LLC v. Specialty Publishing Co.*, 221 Ill. 2d 558, 579 (2006); *Morr-Fitz, Inc.*, 231 Ill. 2d at 488. *De novo* consideration means we perform the same analysis that a trial judge would perform. *Khan v. BDO Seidman, LLP*, 408 Ill. App. 3d 564, 578 (2011).

¶ 12                                II. Jurisdiction for Judicial Review

¶ 13        The Illinois Constitution provides that the trial court may review an administrative action "as provided by law." Ill. Const. 1970, art. VI, § 9; *Collinsville Community Unit School District No. 10 v. Regional Board of School Trustees of St. Clair County*, 218 Ill. 2d 175, 181

(2006). The trial court exercises "special statutory jurisdiction" when it reviews an administration decision, which "is limited to the language of the act conferring it and the court has no powers from any other source." *Collinsville Community Unit School District No. 10*, 218 Ill. 2d at 181-82 (quoting *Fredman Brothers Furniture Co. v. Department of Revenue*, 109 Ill. 2d 202, 210 (1985)). "A party seeking to invoke a court's special statutory jurisdiction must strictly comply with the procedures prescribed by statute." *Collinsville Community Unit School District No. 10*, 218 Ill. 2d at 182. The trial court has no jurisdiction to review an administrative decision if the mode of procedure for administrative review, as provided by law, is not strictly followed. *Nudell v. Forest Preserve District*, 207 Ill. 2d 409, 422-23 (2003).

¶ 14      In *Castaneda v. Illinois Human Rights Comm'n*, 132 Ill. 2d 304, 308 (1989), the Illinois Supreme Court found that parties aggrieved by the action of an administrative agency ordinarily cannot seek judicial review in the trial court without first pursuing all administrative remedies available to them. "Requiring the exhaustion of remedies allows the administrative agency to fully develop and consider the facts of the cause before it; it allows the agency to utilize its expertise; and it allows the aggrieved party to ultimately succeed before the agency, making judicial review unnecessary." *Castaneda*, 132 Ill. 2d at 308. The *Castaneda* court found that "the legislature intended to adopt the essence of the common law exhaustion of remedies doctrine in the Administrative Review Law." *Castaneda*, 132 Ill. 2d at 321. The Administrative Review Law provides:

"Unless review is sought of an administrative decision within the time and in the manner herein provided, the parties to the proceeding before the administrative agency shall be barred from obtaining judicial review of such administrative decision. *** If

6

under the terms of the Act governing the procedure before an administrative agency an administrative decision has become final because of the failure to file any document in the nature of objections, protests, petition for hearing or application for administrative review within the time allowed by such Act, such decision shall not be subject to judicial review hereunder excepting only for the purpose of questioning the jurisdiction of the administrative agency over the person or subject matter." 735 ILCS 5/3-102 (West 2014).

The trial court lacks jurisdiction to review an administrative decision if it is not "final" as required by the Administrative Review Law. *NDC LLC v. Topinka*, 374 Ill. App. 3d 341, 347 (2007). "Where the administrative rules allow for applications for rehearing, a party must do so in order to exhaust his administrative remedies and preserve his right to seek judicial review." *Burns v. Department of Insurance*, 2013 IL App (1st) 122449, ¶ 12 (citing *Castaneda*, 132 Ill. 2d at 321-23).

¶ 15    In this case, plaintiff did not exhaust his administrative remedies, since he did not seek rehearing of the Acting Director's order before filing a complaint for judicial review in the trial court. The Insurance Code provides that a named insured may appeal the cancellation of an insurance policy by submitting to the Director a written request for a hearing. 215 ILCS 5/143.23 (West 2014). If the insured requests a hearing, then the Administrative Code provides that a hearing officer shall issue findings, opinions, and recommendations to the Director (50 Ill. Adm. Code 2402.260(b) (2014)), who shall issue an order after reviewing the hearing officer's recommended decision (50 Ill. Adm. Code 2402.270(a) (2014)). The Administrative Code provides that an insured may seek rehearing of the Director's order by filing "[a] motion for a rehearing or a motion for the reopening of a hearing *** within 10 days of the date of mailing of the Director's Order." 50 Ill. Adm. Code 2402.280(c) (2014).

In the case at bar, the Acting Director issued an order upholding the cancellation of plaintiff's insurance policy on July 28, 2015, and plaintiff failed to file a motion for a rehearing or a motion for the reopening of the hearing. Instead, plaintiff sought judicial review of the Acting Director's order in the trial court by filing a complaint on August 19, 2015. The Illinois Supreme Court has found that a party is required to seek an administrative remedy "where one is still available and where seeking such a remedy will not lead to damage or unfairness to that party." *Castaneda*, 132 Ill. 2d at 323. This court has followed the exhaustion doctrine set forth in *Castaneda* and has found that a party is required to file a motion for rehearing pursuant to section 2402.280(c) of the Administrative Code to preserve its right to seek judicial review of the Director's decision. See *Illinois Health Maintenance Organization Guaranty Ass'n v. Shapo*, 357 Ill. App. 3d 122, 133 (2005) (where plaintiff did not seek rehearing under section 2402.280(c), the trial court did not err when it dismissed the plaintiff's complaints for administrative review of the Director's decisions for failure to exhaust administrative remedies); *Burns*, 2013 IL App (1st) 122449, ¶ 16 (affirming the trial court's dismissal of plaintiff's complaint for judicial review of the Director's order revoking plaintiff's insurance producer license, where plaintiff failed to exhaust his administrative remedies by not seeking rehearing pursuant to section 2402.280(c)). As a result, plaintiff did not exhaust his administrative remedies, and the trial court did not err when it dismissed his complaint for lack of jurisdiction.

¶ 16    Plaintiff claims that the trial court erred when it dismissed his case because he was not required to file a motion for rehearing prior to filing his complaint for administrative review. Plaintiff argues that *Castaneda* was distinguished by *Grigoleit v. Pollution Control Board*, 245 Ill. App. 3d 337 (1993), where, according to plaintiff, "the court held a party does not

have to request a rehearing or review if that review would be before the same hearing officer or panel as made the existing decision." Plaintiff claims that his case "certainly" would have been reheard by the same Hearing Officer that issued the original recommendation, since "there is only one location to review the existing decision for Cook County residents which consequently is the same hearing officer or panel as made the existing decision." However, plaintiff provided no evidence to establish his claim. Plaintiff further argues that rehearing "certainly" would have resulted in the same decision since there are no additional exhibits or arguments to bolster his case. Plaintiff also cites *Rockford Memorial Hospital v. Department of Human Rights*, 272 Ill. App. 3d 751, 758 (1995), arguing that exceptions to the exhaustion doctrine exist "where (1) a statute, ordinance, or rule is attacked as unconstitutional on its face; (2) multiple administrative remedies exist and at least one is exhausted; (3) the agency cannot provide an adequate remedy or it is patently futile to seek relief before the agency; (4) no issues of fact are presented or agency expertise is not involved; (5) irreparable harm will result from another pursuit of administrative remedies; or (6) the agency's jurisdiction is attacked because it is not authorized by statute." *Rockford Memorial Hospital*, 272 Ill. App. 3d at 758 (citing *Castaneda*, 132 Ill. 2d at 309).

¶ 17 First, as noted, plaintiff has provided no evidence to support his claim that rehearing of the Acting Director's order "certainly" would have been heard by the same Hearing Officer that issued the original recommendation. The Insurance Code provides that all hearings "may be conducted either by the Director personally, or by one or more of the actuaries, technical advisors, deputies, supervisors or examiners employed or retained by the Department and designated by the Director for such purpose." 215 ILCS 5/402(1) (West 2014). In *Shapo*, this court rejected a similar argument, finding that "[h]ad plaintiff requested a rehearing of the

Director's decision, that rehearing may or may not have been conducted before the Director or the original hearing officers appointed by him." *Shapo*, 357 Ill. App. 3d at 135. As a result, we cannot say that the same Hearing Officer that issued the original recommendation certainly would have reheard the Acting Director's decision, and plaintiff was not excused from requesting a rehearing prior to seeking administrative review in the trial court.

¶ 18        Second, even if the Acting Director's order was reheard by the same Hearing Officer that issued the original recommendation, this court has rejected the argument that such a circumstance excuses plaintiff from exhausting his administrative remedies before seeking judicial review in the trial court. In *Shapo*, the trial court dismissed the plaintiff's consolidated complaints for administrative review of decisions issued by the Director, finding that the plaintiff failed to exhaust its administrative remedies, since it did not request rehearing pursuant to section 2402.280(c) before filing the complaints. *Shapo*, 357 Ill. App. 3d at 126. Following *Castaneda*, the *Shapo* court affirmed the trial court, finding "that the exhaustion of remedies doctrine required plaintiff to file motions for rehearing with the Department before filing complaints for administrative review in the circuit court." *Shapo*, 357 Ill. App. 3d at 133. The *Shapo* court rejected the plaintiff's claim that, according to *Grigoleit*, 245 Ill. App. 3d 337, seeking rehearing is unnecessary where an administrative decision is rendered at the highest level of the agency. In *Grigoleit*, the appellate court found that the plaintiff's failure to request a rehearing of a decision issued by the Illinois Pollution Control Board did not prohibit the trial court from reviewing the board's decision, finding that it was not bound by *Castaneda,* since the administrative decision, rendered by the entire board, would be reheard by a smaller three-member panel of the same board members. *Shapo*, 357 Ill. App. 3d at 134-35 (citing *Grigoleit*, 245 Ill. App. 3d at 338-39). The *Shapo*

court declined to follow *Grigoleit*, finding that a rehearing, regardless of who would have conducted it, is consistent with the purposes underlying the exhaustion doctrine set forth in *Castaneda*, which found that one of the primary purposes of a rehearing is to provide the subject agency a "second opportunity" to apply its expertise to efficiently dispose of administrative complaints and to correct its own errors. *Shapo*, 357 Ill. App. 3d at 135. The *Shapo* court found that the Illinois Supreme Court "did not state the [exhaustion] doctrine should not be applied when the subject decision *** is to be reheard by the same individuals within the administrative agency who rendered the original decision." *Shapo*, 357 Ill. App. 3d at 135-36 ("We believe that full boards and the highest decision making authorities within agencies are capable of correcting their own errors, and accordingly we decline to follow the decision in *Grigoleit* to the extent it stands for the proposition that the exhaustion doctrine does not apply when the initial administrative decision is rendered by a full board or at the highest level of the agency."). As a result, plaintiff was not excused from filing a motion for rehearing before filing a complaint for administrative review in the trial court.

¶ 19     Third, plaintiff does not specifically argue which of the six exceptions he lists apply to his case. Plaintiff does not argue that the statute is unconstitutional, that he exhausted at least one administrative remedy, that there are no issues of fact or agency expertise is not involved, that irreparable harm will result from seeking rehearing, or that the Department does not have jurisdiction. As to the exception concerning the inadequacy or futility of seeking a remedy, both the *Shapo* and *Burns* courts discussed the exceptions set forth in *Castaneda* and found that they do not apply where the plaintiff failed to request rehearing before seeking judicial review in the trial court. *Shapo*, 357 Ill. App. 3d at 135 (noting the series of exceptions listed in *Castaneda* and finding that they do not apply where plaintiff

failed to seek rehearing pursuant to section 2402.280(c) of the Administrative Code); *Burns*, 2013 IL App (1st) 122449, ¶¶ 12, 16 (recognizing the *Castaneda* exceptions and finding that they do not apply where plaintiff was able to seek rehearing pursuant to section 2402.280(c)). As a result, the trial court did not err when it dismissed plaintiff's complaint for lack of jurisdiction, since he did not exhaust his administrative remedies by filing a motion for rehearing before he filed a complaint in the trial court for administrative review.

¶ 20                                    III. Plaintiff's Other Claims

¶ 21        Plaintiff also raises additional claims on appeal, arguing that (1) the Department should be sanctioned pursuant to Illinois Supreme Court Rule 137 for committing fraud on the court where it requested an extension to file a "Supplemental Memorandum Regarding Notice Provisions" and then instead submitted a supplemental brief on its motion to dismiss, which plaintiff claims was never file stamped and should have been stricken by the trial court; (2) Nationwide was in default for filing its answer and appearance after the due date; (3) Nationwide submitted to the trial court's jurisdiction by attacking the complaint before challenging the trial court's jurisdiction; and (4) the trial court erred when it entered Nationwide's motion to dismiss, which plaintiff claims was not file stamped and did not comply with section 2-619.1 of the Code. However, since we are affirming the trial court's dismissal for lack of jurisdiction, we need not consider plaintiff's other claims.

¶ 22                                            CONCLUSION

¶ 23        For the foregoing reasons, we affirm the trial court's dismissal of plaintiff's complaint for lack of jurisdiction, since plaintiff did not exhaust his administrative remedies where he failed to file a motion for rehearing of the Acting Director's order before seeking judicial review in the trial court.

¶ 24        Affirmed.

¶ 25        JUSTICE LAMPKIN, specially concurring.

¶ 26        I concur only in the judgment reached by the majority.