2021 IL App (1st) 192261-U

No. 1-19-2261

Order filed January 15, 2021

Fifth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| LOUIS ROBERT FASULLO, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | No. 19 M6 5904 |
| VILLAGE OF MIDLOTHIAN, an Illinois Municipal | ) | |
| Corporation, | ) | Honorable |
| | ) | Carrie E. Hamilton, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

JUSTICE HOFFMAN delivered the judgment of the court.
Justices Cunningham and Rochford concurred in the judgment.

**ORDER**

¶ 1    *Held*:  We affirm the administrative decision of the Village of Midlothian finding plaintiff liable for failure to wear a seat safety belt where plaintiff did not raise his claims before the administrative hearing officer and does not provide a sufficient record for our review of the issues.

¶ 2    Following a hearing, defendant Village of Midlothian found plaintiff Louis Robert Fasullo liable for violating a municipal ordinance by failing to wear a seat safety belt and fined him $60. Plaintiff sought administrative review in the circuit court of Cook County, which affirmed

defendant's decision. On appeal, plaintiff argues *pro se* that the circuit court "misconstrued the law," the seat belt law was "vague," and defendant could not impose a $60 fine. For the following reasons, we affirm.

¶ 3    The record shows that on March 9, 2019, plaintiff was issued a ticket for failing to wear a seat belt in his vehicle. The traffic ticket is not in the record on appeal.

¶ 4    On April 18, 2019, plaintiff attended a hearing before defendant's parking ticket court. The hearing transcript shows the hearing officer asked plaintiff about the ticket received on March 9 for failing to wear a seat belt. Plaintiff responded that someone made threats to him at CVS and police "couldn't even give [him] a police report." Plaintiff further claimed "the officer" made a mistake because he was wearing his seat belt, but it had "looked like it was off because it was under [his] arm." When the hearing officer stated, "So you were wearing it improperly," plaintiff responded, "I don't know if it was improper. *** I never heard if it's improper." The hearing officer stated, "It's made to go across here, not under your arm." After plaintiff stated the seat belt was uncomfortable, the hearing officer found him liable for the violation. Plaintiff was assessed a $60 fine.

¶ 5    On May 16, 2019, plaintiff filed a *pro se* complaint for administrative review in the circuit court, seeking review of the April 23, 2019, administrative decision "because that decision is not in accordance with the law." Plaintiff attached to his complaint a "notice of violation liability" from defendant. The notice provided that, pursuant to section 11-208.3 of the Illinois Vehicle Code

(625 ILCS 5/11-208.3 (West 2018)), a determination of violation liability was entered against plaintiff for failing to wear a seat safety belt and issued a fine of $60.[1]

¶ 6    Defendant filed its appearance on August 6, 2019, and produced the records from the administrative hearing case. The records included a document entitled "Ticket History," which showed plaintiff was found liable for failing to wear a seat safety belt and fined $60; a document entitled "Hearing Document Municipal Offense System" showing that before or at a hearing the fine was $60 and after a hearing the fine would be $150; and the transcript of the April 18, 2019, administrative hearing in parking ticket court.

¶ 7    On September 10, 2019, plaintiff filed a "motion for continuance," stating he "believes the defendant is frivolous" and "only defending" the traffic ticket because plaintiff was seeking $1,000 for "inconvenience damages." Plaintiff attached to his motion email correspondence between himself and defendant's counsel and a Wikipedia page.

¶ 8    On October 17, 2019, following a hearing, the court "denied" plaintiff's complaint and ruled in favor of defendant. Plaintiff filed a timely notice of appeal on November 1, 2019.[2]

¶ 9    On appeal, plaintiff argues the trial court's judgment should be reversed because it "misconstrued the law." Plaintiff asks for $1,000 in "inconvenience damages."

---

[1] Defendant municipality has adopted the Illinois Vehicle Code. See Village of Midlothian Municipal Code § 10-1-1 (Ord. 1989, 6-13-2018) (adopting and incorporating by reference the Illinois Vehicle Code (625 ILCS 5/1-100 *et seq.* (West 2018)).

[2] On November 8, 2019, plaintiff filed a motion for rehearing and to vacate the circuit court's judgment. The court struck the motion on November 25, 2019, finding it lacked jurisdiction to consider the motion because plaintiff had already filed the November 1, 2019, notice of appeal. See *Illinois Health Maintenance Organization Guar. Ass'n v. Shapo*, 357 Ill. App. 3d 122, 141 (2005) (trial court loses jurisdiction to enter substantive orders once a notice of appeal is filed).

¶ 10 We review the final decision of an administrative agency instead of the circuit court's judgment. *Wortham v. City of Chicago Department of Administrative Hearings,* 2015 IL App (1st) 131735, ¶ 13. In so doing, we are limited to considering the evidence submitted to the administrative agency and may not consider evidence submitted to the circuit court. *Marconi v. Chicago Heights Police Pension Board*, 225 Ill. 2d 497, 532 (2006). The applicable standard of review depends on what issues are raised. *Wortham,* 2015 IL App (1st) 131735, ¶ 13. We review factual determinations under the manifest weight of the evidence standard and questions of law *de novo. Marconi,* 225 Ill. 2d at 532.

¶ 11 Deficiencies in the briefs hinder our review of plaintiff's claims. Both parties fail to include in their briefs the applicable standard of review with relevant citation to authority. See Ill. S. Ct. R. 341(h)(3), (i) (eff. May 25, 2018). In further violation of Illinois Supreme Court Rule 341, plaintiff also, *inter alia*, fails to include citations to the record and sets forth conclusory claims lacking cogent argument and support from relevant authority. See Ill. S. Ct. R. 341(h)(6), (7) (eff. May 25, 2018). His failure to comply with Supreme Court Rule 341 results in waiver of issues on appeal, and it is within our discretion to strike a brief and dismiss an appeal for failure to comply with Rule 341. *Shared Imaging, LLC v. Hamer*, 2017 IL App (1st) 152817, ¶ 22. However, as we are able to discern the issues from the short record and defendant's brief, we will consider the merits of plaintiff's appeal. *Carter v. Carter*, 2012 IL App (1st) 110855, ¶ 12.

¶ 12 As an initial matter, defendant argues that plaintiff's opening brief on appeal improperly mentions settlement negotiations between the parties in contravention of Illinois Rule of Evidence 408 (Ill. R. Evid. 408(a)(2) (eff. Jan. 1, 2011) (Evidence of "conduct or statements made in compromise negotiations regarding the claim" is "not admissible on behalf of any party, when

offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount of a claim that was disputed as to validity or amount."). In reply, plaintiff states that defendant "might be right about settlement talks being against Illinois Rules of Evidence," but argues they should be considered nevertheless. In addition to Illinois Rule of Evidence 408's bar against consideration of compromise negotiations, we note that the evidence regarding settlement negotiations plaintiff references was contained in emails he submitted to the circuit court, not to the administrative hearing officer. Because our judicial review is limited to the administrative record, we may not consider this evidence submitted for the first time to the circuit court. *Marconi*, 225 Ill. 2d at 532.

¶ 13    Plaintiff contends the $60 fine imposed exceeds the $25 limit for petty offenses "pursuant to" section 12-603.1 of the Vehicle Code, "the statute is vague about how exactly a proper seat belt must be worn," and defendant "does not have a home rule" to impose a $60 fine However, plaintiff did not raise these issues before the hearing officer. At the hearing, he merely stated he did not know the proper way to wear a seat belt and wearing it was uncomfortable. As a general rule, issues or defenses not raised before the administrative agency will not be considered for the first time on administrative review." *Carpetland U.S.A., Inc. v. Illinois Department of Employment Security*, 201 Ill. 2d 351, 396-97 (2002). Thus, we decline to consider the merits of plaintiff's contentions because he did not raise them before the administrative hearing officer. See *Cinkus v. Village of Stickney Municipal Officers Electoral Bd.*, 228 Ill. 2d 200, 212-13 (2008) ("The rule of procedural default in judicial proceedings applies to administrative determinations, so as to preclude judicial review of issues that were not raised in the administrative proceedings.").

¶ 14    Additionally, the record on appeal is insufficient to review plaintiff's claims. Citing section 12-603.1 of the Vehicle Code (625 ILCS 5/12-603.1 (West 2018)), plaintiff alleges the seat belt statute is vague and the $60 fine exceeds the $25 limit for petty offenses set forth in the statute. Section 12-603.1 provides that "[e]ach driver and passenger of a motor vehicle operated on a street or highway in this State shall wear a properly adjusted and fastened seat safety belt," and violation of the section is a petty offense subject to a fine not to exceed $25. 625 ILCS 5/12-603.1(a), (d) (West 2018). The parties appear to agree that plaintiff was found liable under section 12-603.1. However, no reference to that statute, or any other statute or ordinance under which plaintiff was found liable and fined, is included anywhere in the record on appeal.

¶ 15    The record shows plaintiff was issued a traffic ticket for failing to wear a seat belt, but there is no copy of that ticket in the record. The hearing officer did not mention under which statute or ordinance plaintiff was charged or found liable. The violation notice sent after the hearing merely states it was sent in accordance with section 11-208.3 of the Vehicle Code (625 ILCS 5/11-208.3(a) (West 2018)), which states that municipalities "may provide by ordinance for a system of administrative adjudication of vehicular standing and parking violations and vehicle compliance violations" and such systems have authority to impose fines not in excess of $500. The notice makes no mention of the ordinance or statute plaintiff violated. Given this record, we do not know under what statute or ordinance plaintiff was charged, let alone found liable and fined.

¶ 16    It is well-established that it is the appellant's burden to "present a sufficiently complete record of the proceedings at trial to support a claim of error, and in the absence of such a record on appeal, it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis." *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984).

*Foutch* principles apply in the context of administrative review cases. See, *e.g., Burns v. Department of Insurance*, 2013 IL App (1st) 122449, ¶ 15 (applying *Foutch*, 99 Ill. 2d 389, to an appeal from an administrative hearing). "Any doubts which may arise from the incompleteness of the record will be resolved against the appellant." *Foutch*, 99 Ill. 2d at 392. Because we do not have the benefit of a complete record showing the statute or ordinance under which plaintiff was found liable and fined, we are unable to review his claims regarding the vagueness of the statute and the amount of the fine and presume the administrative hearing decision is in conformity with the law. *Id.* at 391-92.

¶ 17    For the foregoing reasons, we affirm the decision of the administrative hearing officer and the judgment of the circuit court of Cook County.

¶ 18    Affirmed.