2024 IL App (1st) 232199-U

No. 1-23-2199

Order filed September 30, 2024

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT
_____

| | | |
|---|---|---|
| SAMUEL SLEDGE, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 23 CH 244 |
| | ) | |
| ALEXI GIANNOULIAS, in His Official Capacity as | ) | |
| Secretary of State of the State of Illinois, | ) | Honorable |
| | ) | Allen P. Walker, |
| Defendant-Appellee. | ) | Judge, presiding. |

JUSTICE MARTIN delivered the judgment of the court.
Presiding Justice Lampkin and Justice D.B. Walker concurred in the judgment.

**ORDER**

¶ 1    *Held*:  We affirm the circuit court's dismissal of plaintiff's complaint for administrative review where there had been no final administrative decision, and the circuit court therefore lacked jurisdiction to consider the complaint.

¶ 2    Plaintiff Samuel Sledge appeals *pro se* from the circuit court's order dismissing his complaint for administrative review against defendant Secretary of State Alexi Giannoulias (the Secretary) pursuant to section 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619

(West 2022)).[1] We affirm, as plaintiff did not seek review of a final administrative decision and the circuit court therefore lacked jurisdiction to consider his claim.[2]

¶ 3                                    I. BACKGROUND

¶ 4      The record on appeal comprises the common law record from the circuit court. The record lacks a transcript of any circuit court proceedings and a record of the administrative proceedings. The following background is derived from the limited common law record.

¶ 5      On January 10, 2023, plaintiff filed in the circuit court the *pro se* administrative complaint at issue here. He sought "judicial review *** of the findings from the hearing officer order from January 5, 2023."

¶ 6      Exhibits attached to plaintiff's complaint reflect that the Secretary had previously canceled plaintiff's driver's license and driving privileges but, following a hearing, granted his petition to reinstate his driving privileges. Plaintiff filed an action in the circuit court requesting the court affirm the administrative decision. On the Secretary's motion, the court dismissed the complaint in October 2022, noting that plaintiff's complaint had been untimely filed and his claim was moot.

¶ 7      Plaintiff then filed a "Motion" with the Secretary, alleging that the Secretary withheld his commercial driver's license (CDL) due to an "ineligibility claim" despite having reinstated his driving privileges. He requested the Secretary reinstate his CDL and vacate "THE INELIGIBILITY CLAIM." Plaintiff stated that he would present his motion before a hearing officer for the Secretary on January 5, 2023.

---

[1]Plaintiff named Jesse White, former Secretary of State, as defendant in his complaint. Pursuant to section 2-1008(d) of the Code, we have amended the caption to reflect the name of the current Secretary of State. See 735 ILCS 5/2-1008(d) (West 2022).

[2]In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order.

¶ 8     An "Appearance and Motion Sheet" dated January 5, 2023, indicates that the Office of the Secretary's Department of Administrative Hearings (the Department) conducted a hearing on that date. On the sheet, an "X" is marked beside the phrase, "Motion to Withdraw Request for Hearing." Handwritten text states: "Petitioner's adverse hearing result was affirmed by circuit court order. Petitioner's only recourse is appeal of circuit court order to appellate court." The form is signed by plaintiff and a hearing officer.

¶ 9     Plaintiff then filed an administrative review complaint, seeking judicial review "of the findings from the hearing officer order from January 5, 2023." He referenced the "ineligibility issue," which had been "previously barred from judicial review" for his failure to exhaust administrative remedies, and "demand[ed] the motion to be dismissed [*sic*] the ineligibility action."

¶ 10     On July 20, 2023, the Secretary filed a motion to dismiss plaintiff's complaint pursuant to section 2-619 of the Code. Among other grounds, the Secretary argued that there was no final administrative decision on January 5, 2023, and the circuit court therefore lacked subject matter jurisdiction.

¶ 11     On September 15, 2023, the court entered an order instructing the Secretary to file an amended motion to dismiss "in light of the issues discussed in open court relating to Plaintiff's eligibility to obtain a school bus endorsement."

¶ 12     On September 29, 2023, the Secretary filed an amended motion to dismiss pursuant to section 2-619 of the Code. The Secretary again argued, *inter alia*, that there was no final administrative decision on January 5, 2023, and the circuit court therefore lacked subject matter jurisdiction. On November 9, 2023, the court entered an order granting the amended motion to dismiss "[f]or the reasons stated on the record."

¶ 13    Plaintiff now appeals *pro se*.

¶ 14                                II. BACKGROUND

¶ 15    Initially, we note that plaintiff's brief violates Illinois Supreme Court Rule 341(h) (eff. Oct. 1, 2020). His statement of facts contains neither the facts necessary to understand the case nor citations to the record and contains arguments. See Ill. S. Ct. R. 341(h)(6). His arguments are not clearly defined and lack cohesion. See Ill. S. Ct. R. 341(h)(7) (argument section shall contain appellant's contentions and reasons therefore, and points not argued are forfeited); *Trilisky v. City of Chicago*, 2019 IL App (1st) 182189, ¶ 54 (failure to present a well-reasoned theory violates Rule 341(h)(7) and results in forfeiture of argument).

¶ 16    Plaintiff's *pro se* status does not excuse him from complying with the supreme court rules governing briefs. *Ellis v. Flannery*, 2021 IL App (1st) 201096, ¶ 8. However, we will not strike his brief or dismiss his appeal as the issue at hand is simple and we have the benefit of the Secretary's cogent appellee's brief. See *id.*

¶ 17    The circuit court here granted the Secretary's amended motion to dismiss pursuant to section 2-619 of the Code. We review dismissals under section 2-619 *de novo*. *Proven Business Systems, LLC v. Village of Oak Lawn*, 2024 IL App (1st) 221530, ¶ 20. Pursuant to that standard, we review the circuit court's judgment, not the reasons for that judgment, and we may therefore review plaintiff's appeal despite the lack of a transcript providing the circuit court's reasons for dismissing his complaint. See *Beck v. DayOne Pact*, 2023 IL App (1st) 221120, ¶ 29; *Phoenix Capital, LLC v. Nsiah*, 2022 IL App (1st) 220067, ¶ 20 (appellate court can affirm for any reason found in the record).

¶ 18    Relevant here, one ground for dismissal under section 2-619 of the Code is a lack of subject matter jurisdiction. 735 ILCS 5/2-619(a)(1) (West 2022). "[S]ubject matter jurisdiction refers to

the power of a court to hear and determine cases of the general class to which the proceeding in question belongs." (Internal quotation marks omitted.) *Potek v. City of Chicago*, 2022 IL App (1st) 211286, ¶ 38.

¶ 19 Circuit courts may review administrative decisions only as provided by law. *Slepicka v. Illinois Department of Public Health*, 2014 IL 116927, ¶ 32 (citing Ill. Const. 1970, art. VI, § 9); see also *Vasanwala v. Division of Professional Regulation of Department of Financial & Professional Regulation*, 2024 IL App (4th) 220933, ¶ 14 (review of administrative decision is exercise of "special statutory jurisdiction" (internal quotation marks omitted)). The Administrative Review Law is applicable only where it is expressly adopted by the act creating or conferring power on the agency involved. 735 ILCS 5/3-102, 3-104 (West 2022).

¶ 20 "Not all administrative decisions are final decisions." *Fuller v. Department of State Police*, 2019 IL App (1st) 173148, ¶ 16 (citing *Pinkerton Security & Investigation Services v. Department of Human Rights*, 309 Ill. App. 3d 48, 53 (1999)). The Administrative Review Law does not define what a final order is. See *Pinkerton*, 309 Ill. App. 3d at 53.

¶ 21 Nevertheless, we have stated that "a final administrative decision is one which affects the legal rights, duties or privileges of the parties and which terminates the proceedings before the administrative agency." (Internal quotation marks omitted.) *Fuller*, 2019 IL App (1st) 173148, ¶ 16; see also 735 ILCS 5/3-101 (West 2022) (an administrative decision is "any decision, order or determination of any administrative agency rendered in a particular case, which affects the legal rights, duties or privileges of parties and which terminates the proceedings before the administrative agency"). We have also stated that final administrative decisions "contemplate an adversarial proceeding involving the parties, a hearing on the controverted facts, and an ultimate

disposition rendered by an impartial fact finder." (Internal quotation marks omitted.) *Fuller*, 2019 IL App (1st) 173148, ¶ 16.

¶ 22    The Illinois Vehicle Code provides that the Secretary's "final acts or decisions" in suspending, revoking, or denying any license, permit, or registration are subject to judicial review governed by the Administrate Review Law. 625 ILCS 5/2-118(e) (West 2022). Thus, as plaintiff's claim relates to the Secretary's actions in revoking, reinstating, and allegedly withholding certain driving privileges from him, the Administrative Review Law provided the circuit court jurisdiction, so long as plaintiff sought review of a final decision by the Secretary. 735 ILCS 5/3-102, 3-104 (West 2022); *Catledge v. Dowling*, 2017 IL App (1st) 162033, ¶ 14 (the circuit court "lacks jurisdiction to review an administrative decision if it is not 'final' as required by the Administrative Review Law").

¶ 23    The rules in Title 92 of the Illinois Administrative Code, Part 1001, Subpart A, apply to formal hearings conducted by the Department pursuant to the Illinois Vehicle Code. 92 Ill. Adm. Code 1001.10 (2002). Following such a hearing, the hearing officer prepares findings of fact, conclusions of law, and recommendations to the Secretary. 92 Ill. Adm. Code 1001.110(b) (2021). The Department then issues a "written order," including the hearing officer's findings of fact, conclusions of law, and recommendations, and the "Order of the Secretary." 92 Ill. Adm. Code 1001.110(a) (2021). Crucially, the Order of the Secretary is the final administrative order within the meaning of the Administrative Review Law. 92 Ill. Adm. Code 1001.110(c), (f), (2021).

¶ 24    Here, plaintiff challenged the "findings from the hearing officer order from January 5, 2023." However, the "Appearance and Motion Sheet" from that date does not indicate that the Secretary issued a final administrative decision or order. That form reflects that plaintiff had withdrawn his request for a hearing and informs plaintiff his "only recourse is appeal of circuit

court order to appellate court."

¶ 25    The "Appearance and Motion Sheet" is not an Order of the Secretary or a written order including findings of fact, conclusions of law, or recommendations of the hearing officer. See 92 Ill. Adm. Code 1001.110 (2021) (Order of the Secretary, issued with hearing officer's findings of fact, conclusions of law, and recommendations, is final order within meaning of Administrative Review Law). It does not indicate there was an adversarial proceeding, a hearing on controverted facts, and a disposition rendered by a factfinder; nor does it purport to be a decision of the agency affecting the legal rights, duties, or privileges of the parties. See *Fuller*, 2019 IL App (1st) 173148, ¶ 16.

¶ 26    Thus, the hearing officer's January 5, 2023, findings do not constitute a final administrative decision. Plaintiff's brief is devoid of argument otherwise and fails to even discuss the January 5, 2023, proceedings. See Ill. S. Ct. R. 341(h)(7) ("Points not argued are forfeited.").

¶ 27    Accordingly, as plaintiff's administrative review action was not directed to a final administrative decision, the circuit court lacked subject matter jurisdiction to consider the action. See *Catledge*, 2017 IL App (1st) 162033, ¶ 14; see also *Potek*, 2022 IL App (1st) 211286, ¶ 38. Dismissal pursuant to section 2-619(a)(1) of the Code was therefore proper. 735 ILCS 5/2-619(a)(1) (West 2022); see also *Vasanwala*, 2024 IL App (4th) 220933, ¶¶ 18-19 (affirming section 2-619 dismissal for lack of jurisdiction where agency order was not a final administrative decision). We therefore affirm the circuit court's judgment on that basis. *Phoenix Capital,* 2022 IL App (1st) 220067, ¶ 20 (appellate court can affirm for any reason found in the record).

¶ 28                                III. CONCLUSION

¶ 29    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 30    Affirmed.